556 F.2d 867
 15 Fair Empl.Prac.Cas. 34, 14 Empl. Prac.
Dec. P 7629
Barbara BURKE, Plaintiff-Appellant,
v.
Irwin FRIEDMAN, Gerald Eisenstein, Roy Raemer, Howard
Schwartz, individually and as Friedman,
Eisenstein, Raemer and Schwartz, a
business association,
Defendants-Appellees.
 No. 76-1845.
 United States Court of Appeals,
Seventh Circuit.
 Argued April 5, 1977.
Decided June 20, 1977.
 
 Carole K. Bellows, Chicago, Ill., for plaintiff-appellant.
 Ronald L. Boorstein, David A. Leibson, Chicago, Ill., for defendants-appellees.
 Before FAIRCHILD, PELL and WOOD, Circuit Judges.
 WOOD, Circuit Judge.
 
 
 1
 Plaintiff-appellant Barbara Burke (hereinafter referred to as plaintiff) is appealing from the district court's order which dismissed this case for lack of subject matter jurisdiction on the grounds that defendants-appellees Irwin Friedman, Gerald Eisenstein, Roy Raemer, and Howard Schwartz, individually and as a partnership (hereinafter referred to as defendants) were not an employer within the meaning of 42 U.S.C. § 2000e(b) since they did not employ fifteen or more employees. The sole issue on appeal is whether the district court was correct in refusing to regard the individual partners of the partnership as employees within the meaning of 42 U.S.C. § 2000e(f). For the following reasons, we affirm the lower court's order.
 
 
 2
 Plaintiff's complaint alleges that plaintiff commenced working for defendants' public accounting firm on September 16, 1974. Defendants' firm consisted of four partners and thirteen non-partners. The complaint charged defendants individually and as a business association with having discriminated against plaintiff in the terms and conditions of employment and in her discharge because of sex.
 
 
 3
 Plaintiff filed a charge of unfair employment practice with the Equal Employment Opportunity Commission on October 24, 1974. The Equal Employment Opportunity Commission dismissed plaintiff's case for want of subject matter jurisdiction on the grounds that defendants employed fewer than fifteen employees. After receiving a right to sue letter on October 22, 1975, plaintiff filed suit in federal court.
 
 
 4
 Plaintiff's complaint alleges pursuant to 42 U.S.C. § 2000e et seq. that defendants discriminated against plaintiff because of her sex. The complaint also contained two pendant counts, one of which alleged wrongful discharge and one which sought damages for assault and battery. Defendants filed a motion to dismiss asserting that the district court lacked subject matter jurisdiction since defendants are not an employer as defined in 42 U.S.C. § 2000e(b). The parties submitted the following stipulation on the issue of jurisdiction:
 
 
 5
 It is hereby stipulated and agreed by and between the parties to the above entitled action that the defendants, Irwin Friedman, Gerald Eisenstein, Roy Raemer and Howard Schwartz, individually and as FRIEDMAN, EISENSTEIN, RAEMER & SCHWARTZ, a business association, are an "employer" within the meaning of the "Equal Employment Opportunity" subdivision of Title VII of the "Civil Rights Act of 1964," 42 U.S.C.A. §§ 2000e, et seq., only if the partners of said partnership, are "employees" within the meaning of said Act.
 
 
 6
 The lower court in granting defendants' motion to dismiss stated:
 
 
 7
 It is the court's opinion that, as partners in a partnership, defendants must be considered employers rather than employees and that they cannot be both. Defendants were responsible for the hiring and firing of plaintiff and must be considered her employer.
 
 
 8
 Title 42 U.S.C. § 2000e(b) defines an employer in part as a "person":
 
 
 9
 . . . engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person, . . .
 
 
 10
 The term "person" is defined in § 2000e(a) as including partnerships:
 
 
 11
 The term "person" includes one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in bankruptcy, or receivers.
 
 
 12
 The term "employee", on the other hand, is defined in § 2000e(f) not as a "person" but as an "individual" employed by an employer. Therefore, § 2000e is written so as to include partnership as one of the possible "persons" acting as an employer.
 
 
 13
 The narrow question which is raised in this case is whether a partner can be an employee within the meaning of § 2000e(f) despite the fact that the partnership can be an employer pursuant to § 2000e(b).
 
 
 14
 " A partnership is generally said to be created when persons join together their money, goods, labor, or skill for the purpose of carrying on a trade, profession, or business and when there is community of interest in the profits and losses." Commissioner of Internal Revenue v. Tower, 327 U.S. 280, 286, 66 S.Ct. 532, 535, 90 L.Ed. 670 (1946); Commissioner of Internal Revenue v. Culbertson, 337 U.S. 733, 740, 69 S.Ct. 1210, 93 L.Ed. 1659 (1949). Similarly, section 6 of the Uniform Partnership Act defines a partnership as "an association of two or more persons to carry on as co-owners a business for profit." Partners manage and control the business and share in the profits and losses. See Commissioner of Internal Revenue v. Tower, 327 U.S. 280, 66 S.Ct. 532, 90 L.Ed. 670 (1946); Wilson v. Commissioner of Internal Revenue, 161 F.2d 661, 664 (7th Cir. 1947). In light of the foregoing, we do not see how partners can be regarded as employees rather than as employers who own and manage the operation of the business.[1]
 
 
 15
 Plaintiff cites Walling v. Portland Terminal Co., 330 U.S. 148, 67 S.Ct. 639, 91 L.Ed. 809 (1947), for the proposition that common law definitions of what constitutes an employee should not be of controlling significance. This court recognizes that "Title VII's definition of 'employee' is not restrictive, (and that) the existence of such a status for a certain individual must turn on the facts of each case." McClure v. Salvation Army, 460 F.2d 553 (5th Cir. 1972), cert. denied, 409 U.S. 896, 93 S.Ct. 132, 34 L.Ed.2d 153. We do not find, however, that Walling supports the proposition that partners can be employees under § 2000e(f). In Walling, the court considered whether uncompensated trainees, beginners, apprentices, or learners could be considered to be employees under the Fair Labor Standards Act. The court concluded that uncompensated trainees were not employees by referring to a section of the Fair Labor Standards Act which included compensated trainees within the definition of employee. Thus, the Court's statement in Walling that the common law definition for employee does not control in the face of a statutory definition is not persuasive in the case at bar since § 2000e(f) does not expand the definition of employee to include a partner.
 
 
 16
 Plaintiff also asserts that Congress' intent was to include as employers all businesses which constitute an "industry affecting commerce." Section 2000e(b) expressly limits coverage, however, to where an employer employs fifteen or more employees. In addition, the legislative history indicates that the term "employer" is "intended to have its common dictionary meaning, except as expressly qualified by the act." 110 Cong.Rec. 7216 (April 8, 1964). One qualification was the requirement that an employer employ at least a minimum number of employees.
 
 
 17
 For the foregoing reasons, we find based on the facts of this particular case that defendant partners are not employees. Accordingly, the order of the district court which dismissed plaintiff's complaint for want of jurisdiction is hereby affirmed.
 
 
 
 [1]
 The district court in Equal Employment Opportunity Commission v. Rinella & Rinella, 401 F.Supp. 175 (N.D.Ill.1975), indirectly considered the question now before this court. In Rinella, the court determined that attorneys associated with the law firm of Rinella & Rinella were employees. After enumerating indicia which demonstrated that associate attorneys were employees, the court stated:
 Since the firm is not a partnership, and the associates are not listed as "of counsel," it is only reasonable to conclude that they are employed by the firm.
 Rinella, 401 F.Supp. at 181.
 This passage could be interpreted as indicating that if the attorneys were partners in the law firm rather than associates, they would not be considered to be employees.