589 F.Supp. 534 (1984)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Applicant,
v.
PEAT, MARWICK, MITCHELL AND CO., Respondent.
No. 83-2277C(2).
United States District Court, E.D. Missouri.
June 20, 1984.
*535 James R. Neely, Robert B. Curtis, Donna L. Harper, St. Louis, Mo., for applicant.
Kohn, Shands, Elbert, Gianovlakis & Giljum, Alan C. Kohn, Mark J. Bremer, Linda Douglas Wuestner, St. Louis, Mo., for respondent.

MEMORANDUM
FILIPPINE, District Judge.
This matter is before the Court for a determination whether a subpoena duces tecum issued to respondent Peat, Marwick, Mitchell & Co. ("Peat, Marwick") should be enforced.
On application by Equal Employment Opportunity Commission ("EEOC"), this Court ordered respondent to show cause why it should not be compelled to comply with the subpoena issued to it. The Court held a hearing on the matter on April 13, 1984, and the parties have filed memoranda of law and exhibits in support of their positions.
After consideration of the evidentiary materials submitted by the parties, their briefs, and the applicable law, the Court hereby enters the following memorandum which it adopts as its findings of fact and conclusions of law in compliance with Rule 52(a) Fed.R.Civ.P.
This is an action for enforcement of a subpoena duces tecum pursuant to Section 7(a) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 ("ADEA"). Jurisdiction over this action is conferred upon the Court by the provisions of Sections 9 and 10 of the Federal Trade Commission Act of September 16, 1914, as amended, 15 U.S.C. §§ 49, 50; which provisions are incorporated in Sections 9 and 11 of the Fair Labor Standards Act, as amended, (29 U.S.C. § 201 et seq.) ("FLSA") and in Section 7(a) of the ADEA, 29 U.S.C. § 621 et seq.
Pursuant to Reorganization Plan No. 1 of 1978, applicant EEOC is a federal agency charged with administration and enforcement of the ADEA including, inter alia, the investigation of charges of unlawful employment practices.
Respondent Peat, Marwick is an accounting firm operating in the state of Missouri with facilities throughout the state and in the City of St. Louis. Respondent is an employer within the meaning of 29 U.S.C. § 630(b).
*536 On or about May 5, 1980, the EEOC initiated a directed investigation of respondent's retirement policies and practices to determine whether those policies and practices unlawfully discriminated against workers in the protected age group because of their age at its facilities in St. Louis, Missouri.
On June 29, 1982, applicant served notice of the age discrimination charge on respondent pursuant to 29 U.S.C. § 626(d).
On April 20, 1983, in furtherance of the investigation of the charge, the District Director of applicant issued and caused to be served upon Thomas L. Holton a subpoena duces tecum requiring respondent to produce certain evidence on May 11, 1983. The subpoena was issued pursuant to Section 7(a) of the ADEA, 29 U.S.C. § 621, which incorporates sections 9 and 11 of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and the Notice of Delegation of Subpoena which appeared in the Federal Register on June 29, 1979 (44 F.R. 37974).[1]
To date, respondent has failed to provide applicant with access to the evidence requested by the subpoena.
Respondent sets forth two reasons why the subpoena should not be enforced. First, respondent asserts that the EEOC has no authority to investigate, enforce, file suit, issue subpoenas, or act in any other capacity with regard to the ADEA. Second, assuming the EEOC has power to investigate age discrimination, defendant contends that the subpoena should not be enforced because the information sought thereby is not reasonably related to any purpose of the ADEA.
To properly understand defendant's first argument, it is necessary to examine the underlying legislation.
The original enactment of the ADEA vested the statutory responsibility for administration and enforcement of its provisions in the Secretary of Labor. This responsibility was transferred from the Secretary of Labor to the EEOC by Reorganization Plan No. 1 of 1978, Section 2. Reorganization Plan No. 1 was enacted pursuant to the procedures set forth in the Reorganization Act of 1977, 5 U.S.C. § 901 et seq. ("Reorganization Act"). The Reorganization Act gave the President of the United States authority to restructure and reorganize the executive branch and its agencies. 5 U.S.C. §§ 901, 903. The President was empowered to prepare reorganization plans and submit such plans to both Houses of Congress. 5 U.S.C. § 903. If during a period of sixty days after a plan was transmitted to Congress neither House passed "a resolution stating in substance that the House does not favor the reorganization plan," the reorganization plan then became effective. 5 U.S.C. § 906(a).
Pursuant to these procedures, President Carter prepared Reorganization Plan No. 1 and submitted the plan to Congress. Neither House of Congress passed a resolution objecting to the plan within the requisite sixty-day period. Consequently, Reorganization Plan No. 1 became "effective" on January 1, 1979, and was published in the statutes at large and the Federal Register pursuant to 5 U.S.C. § 906(d).
Defendant contends that the process under which Reorganization Plan No. 1 became effective is unconstitutional under the recent Supreme Court decision in Immigration *537 and Naturalization Service v. Chadha, 462 U.S. 919, 103 S.Ct. 2764, 77 L.Ed.2d 317 (1983).
In Chadha, the Supreme Court held unconstitutional a provision in the Immigration and Nationality Act which authorized one House of Congress, by resolution, to invalidate a decision of the Executive Branch, pursuant to authority delegated by Congress to the Attorney General of the United States, to allow a particular deportable alien to remain in the United States. 103 S.Ct. at 2788. The Court based its decision on the bicameralism and presentment requirements of Article I of the United States Constitution and its finding that the "one-house veto" exercised by the House of Representatives was the kind of action to which the procedural requirements of Article I apply. 103 S.Ct. 2780-2788.
Defendant asserts that the one-house veto provision contained in the Reorganization Act is equally unconstitutional, that it is not severable from the remainder of the Act, that Congress has not "ratified" the transfer of ADEA enforcement power from the Labor Department to the EEOC, and that the Act is therefore unconstitutional in its entirety. From these assertions, defendant contends that the transfer of authority to administer and enforce the ADEA from the Secretary of Labor to the EEOC must be deemed invalid and that such authority therefore remains with the Secretary of Labor. Because the EEOC and not the Secretary of Labor is seeking to enforce the subpoena at issue, defendant concludes that it is not legally required to produce the materials requested by the subpoena.
Several courts have recently considered the issues raised by respondent. The clear majority of courts have found that the EEOC presently has authority to administer and enforce the ADEA notwithstanding the Supreme Court's holding in Chadha. See, e.g., EEOC v. Hernando Bank, Inc., 724 F.2d 1188 (5th Cir.1984); EEOC v. Ingersoll Johnson Steel Co., 583 F.Supp. 983 (S.D.Ind.1984); Holecek v. Lincoln St. Louis, No. 83-0721C(5), slip op. (E.D.Mo. March 27, 1984); EEOC v. A.N.R. Pipeline Company, No. 82-0626, slip op. (W.D.La. March 19, 1984); EEOC v. County of Hudson, No. 83-1669(D), slip op. (D.N.J. March 16, 1984); EEOC v. Plessey, Inc., No. 79-1383, slip op. (D.Kan. March 12, 1984); EEOC v. City of Waco, Texas, No. W-82-CA-11, slip op. (W.D.Tex. March 5, 1984); EEOC v. Old Dominion Freight Line, Inc., 34 FEP Cases 377 (M.D.N.C. March 7, 1983); EEOC v. Pan American Airways, 34 FEP Cases 321 (N.D.Cal. March 6, 1984); EEOC v. Fairfax County, No. 84-83-A, slip op. (E.D.Va. March 2, 1984); EEOC v. International Mill Service, 34 FEP Cases 392 (E.D.Pa. Feb. 22, 1984); EEOC v. Radio Montgomery, Inc., 34 FEP Cases 378 (W.D.Va. Feb. 22, 1984); EEOC v. State of New York, 34 FEP Cases 379 (N.D.N.Y. Jan. 31, 1984); EEOC v. Chrysler Corp., 33 FEP Cases 1838 (E.D.Mich. Jan. 24, 1984); EEOC v. CBS, Inc., 34 FEP Cases 257 (S.D.N.Y. Jan. 13, 1984), appeal docketed (2d Cir. No. 84-6063, Feb. 28, 1984); EEOC v. City of Memphis, 581 F.Supp. 179 (W.D.Tenn. Dec. 29, 1983); EEOC v. Cudahy Foods Co., 33 FEP Cases 1836 (W.D. Wash. Dec. 28, 1983); EEOC v. Jackson County, 33 FEP Cases 963 (W.D.Mo. Dec. 13, 1983); Muller Optical Company v. EEOC, 574 F.Supp. 946 (W.D.Tenn.1983). But see EEOC v. Martin Industries, 581 F.Supp. 1029, 34 FEP Cases 201 (N.D.Ala. March 5, 1984); EEOC v. Westinghouse Electric Corp., 33 FEP Cases 1232 (W.D.Pa. Jan. 5, 1984), appeal docketed (3d Cir., No. 84-3073, Feb. 9, 1984); EEOC v. Allstate Ins. Co., 570 F.Supp. 1224 (S.D. Miss.1983), notice of appeal filed (11th Cir. March 21, 1984).
After careful consideration of the above-cited cases, the parties' briefs, and the applicable law, this Court concludes that Congress has ratified the President's transfer of authority to administer and enforce the ADEA from the Secretary of Labor to the EEOC. Accord Holecek v. *538 Lincoln St. Louis, supra. Therefore, the Court finds that the EEOC has power to administer and enforce the ADEA. In making this conclusion, the Court concurs with and incorporates the sound reasoning of Muller Optical Co. v. EEOC, 574 F.Supp. at 953-54, on the ratification issue. Specifically, the Court relies on the conclusion in Muller Optical that this issue is controlled by Isbrandtsen-Moller Co. v. United States, 300 U.S. 139, 57 S.Ct. 407, 81 L.Ed. 562 (1937). See also Fleming v. Mohawk Co., 331 U.S. 111, 118-19, 67 S.Ct. 1129, 1133, 91 L.Ed. 1375 (1947); Ex parte Endo, 323 U.S. 283, 303 n. 24, 65 S.Ct. 208, 219 n. 24, 89 L.Ed. 243 (1944); Swayne v. Hoyt, Ltd., 300 U.S. 297, 301-02, 57 S.Ct. 478, 479-80, 81 L.Ed. 659 (1937). Respondent's contention that TVA v. Hill, 437 U.S. 153, 98 S.Ct. 2279, 57 L.Ed.2d 117 (1978), undercuts Isbrandtsen-Moller is without merit as Hill addresses the much stricter standard for "implied repeal" rather than the law of ratification. See EEOC v. Ingersoll Johnson Steel Co., 583 F.Supp. 983 at 990 (S.D.Ind.1984) (stating that TVA v. Hill is inapplicable in ratification cases). The Court's ruling on ratification makes it unnecessary to consider respondent's remaining arguments premised on Chadha.
Respondent's argument that the subpoena should not be enforced because the information sought is not reasonably related to any purpose of the ADEA is equally without merit.
The primary purpose of the ADEA is to prohibit employment discrimination by an employer against an employee or prospective employee on the basis of age. See 29 U.S.C. § 623(a). The subpoena issued by the EEOC to respondent requests two classes of information:
1. Records, notes, correspondence, and all writings or [sic] any kind which describe, explain, relate to, or in any way bear upon the relationship of members to the firm and members vis-a-vis members, to include, but not limited to, agreements and codicils, if any, which relate to the period from January 1, 1978, through the present inclusive.
2. Documents, writings, correspondence, and other records which describe, explain, or relate in any way to the policy(ies) and practice(s) by which retirement is or has been effected during the period January 1, 1978, through the present, inclusive.
Respondent argues that the subpoena issued by the EEOC is not reasonably related to the ADEA because it seeks information concerning possible discrimination against partners. Partners in an accounting firm, respondent contends, are not "employees" protected by the provisions of the ADEA.
The EEOC contends that the subpoena was issued to gather information to enable it to determine whether members (partners) of respondent's firm ought to be treated as "employees" under the ADEA and, if so, whether respondent's practices with respect to the retirement of those persons violate the ADEA.
The question of whether partners in a partnership can be construed to be "employees" under the ADEA has not been decided by any court. The Court is aware that the Seventh and Eleventh Circuits have ruled that under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., partners are not "employees" within the meaning of that Act. See Burke v. Friedman, 556 F.2d 867 (7th Cir.1977); Hishon v. King & Spalding, 678 F.2d 1022 (11th Cir.1982), rev'd on other grounds, ___ U.S. ___, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). Additionally, Justice Powell, in his concurrence in the Supreme Court's decision in Hishon v. King & Spalding, supra, expressed his view that Title VII should not be extended to apply to the management of a law firm by its partners. ___ U.S. at ___, 104 S.Ct. at 2232.
Burke and Hishon, however, were not subpoena enforcement cases. Generally, a party to whom a subpoena is *539 issued under the ADEA may not object on the ground that the matters investigated are outside the exact coverage of the ADEA. EEOC v. Allstate Insurance Co., 30 FEP Cases 573, 575 (N.D.Ill.1981), citing EEOC v. Institute of Gas Technology, 23 FEP Cases 825 (N.D.Ill.1980). As long as information sought "may be" relevant to a legitimate purpose, the subpoena should be enforced. See United States v. Powell, 379 U.S. 48, 57, 85 S.Ct. 248, 254, 13 L.Ed.2d 112 (1964).
The EEOC contends that the information sought may be relevant to a legitimate purpose because it is possible that respondent may label some of its members as "partners" when, in fact, those members may not fit within the traditional definition of the term. The Court concurs with the EEOC's position. See Hishon v. King & Spalding, ___ U.S. at ___ n. 2, 104 S.Ct. at 2232 n. 2 (Powell, J. concurring) ("[A]n employer may not evade the strictures of Title VII simply by labeling its employees as "partners.")
In conclusion, the Court finds that the EEOC has authority to issue subpoenas under the ADEA and that the subpoena at issue in this case seeks information reasonably related to a legitimate purpose. Because respondent has asserted that some of the documents requested may be confidential in nature, the Court will grant respondent ten days to file a motion for an appropriate protective order. Otherwise, respondent shall comply with the subpoena and produce the requested documents.
NOTES
[1] 29 U.S.C. § 626(a) provides:

The Secretary [now the EEOC] shall have the power to make investigations and require the keeping of records necessary or appropriate for the administration of this chapter in accordance with the powers and procedures provided in sections 209 and 211 of this title.
28 U.S.C. § 209 provides:
For purposes of any investigation provided for in this Act, the provisions of Sections 49 and 50 of Title 15 (relating to the attendance of witnesses and production of books, papers and documents) ... are hereby made applicable to the jurisdiction and powers and duties of the Secretary of Labor and the industries committees.
Finally, 15 U.S.C. § 49 provides in pertinent part:
[T]he Commission shall have the power to require by subpoena the attendance and testimony of witnesses and the production of all documentary evidence relating to any matter under investigation.