EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION, Plaintiff-Appel-
lant,

v.

DOWD & DOWD, LTD., a Professional
Corporation, Defendant-Appellee.

No. 83–2340.

United States Court of Appeals,
Seventh Circuit.

Argued March 26, 1984.

Decided June 14, 1984.

Rehearing and Rehearing En Banc
Denied July 13, 1984.

Mark S. Flynn, Appellate Services Div.,
E.E.O.C., Washington, D.C., for plaintiff-
appellant.

Joel S. Ostrow, Dowd & Dowd, Chicago,
Ill., for defendant-appellee.

Before BAUER, WOOD and ESCH-
BACH, Circuit Judges.

BAUER, Circuit Judge.

The narrow issue presented in this ap-
peal is whether shareholders in a profes-
sional corporation engaged in the practice
of law are also employees of that corpora-
tion for purposes of Section 701(b) of Title
VII of the Civil Rights Act of 1964, 42
U.S.C. § 2000e(b) (1976). The district court
held that the shareholders are not employ-
ees. We affirm.

On December 1, 1980, the Equal Employ-
ment Opportunity Commission (EEOC)
filed a complaint against Dowd & Dowd,
Ltd. (Dowd), a professional corporation en-
gaged in the practice of law, alleging that
the corporation violated Section 703(a) of
Title VII, 42 U.S.C. § 2000e–2(a), by failing
to amend its Health Benefits Plan to in-
clude pregnancy benefits for its female em-
ployees by the effective date of the Preg-
nancy Discrimination Act.[1] The Commis-
sion specifically alleged that one of Dowd's
former employees was denied pregnancy
coverage in violation of Title VII.

The district court granted summary
judgment for Dowd because it found that

---

1. 42 U.S.C. § 2000e–2(a) provides in part that:

    (a) It shall be an unlawful employment
practice for an employer—

    (1) to fail or refuse to hire or to discharge
any individual, or otherwise to discriminate
against any individual with respect to his
compensation, terms, conditions, or privileges

of employment, because of such individual's
race, color, religion, sex, or national origin;
  . . . .

Section 2000e(k) states in part that

    (k) The terms "because of sex" or "on the
basis of sex" include, but are not limited to,
because of or on the basis of pregnancy, child-

Dowd was not an "employer" as defined in Section 701(b) of Title VII, 42 U.S.C. § 2000e(b). Dowd had three shareholders. There was a dispute in the district court as to how many non-shareholders there were at Dowd because of a dispute as to which part-time employees should be counted as employees under Section 2000e(f). The record is clear, however, that no matter how the part-time employees are counted there are less than fifteen non-shareholders at Dowd. Section 701(b) provides that, as used in the Act, "the term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year." 42 U.S.C. § 2000e(b). The district court concluded that the shareholders of the professional corporation could not also be counted as employees of the same corporation.

The district court based its conclusion on this court's holding in *Burke v. Friedman*, 556 F.2d 867 (7th Cir.1977), in which we held that partners in an accounting firm were not employees under 42 U.S.C. § 2000e(f). In *Burke*, this court considered whether an accounting firm that consisted of four partners and thirteen non-partners had fifteen or more employees and was therefore an employer under § 2000e(b). We stated that "we do not see how partners can be regarded as employees rather than as employers who own and manage the operation of the business." 556 F.2d at 869. The United States Supreme Court's decision in *Hishon v. King & Spalding*, —— U.S. ——, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984), tends to support this view. The Court assumed that for purposes of Title VII a partnership is an employer. 104

S.Ct. at 2232 & n. 3. Justice Powell emphasized in a concurring opinion that "[t]he reasoning of the Court's opinion does not require that the relationship among partners be characterized as an 'employment' relationship to which Title VII would apply," *id.* at 4630, implying that partners are not employees of the partnership.

The EEOC contends that *Burke* is inapplicable to the present case because it involved a partnership rather than a professional corporation. We disagree. As Dowd correctly contends, this distinction is of little value to Title VII purposes. The role of a shareholder in a professional corporation is far more analogous to a partner in a partnership than it is to the shareholder of a general corporation.

Section 2000e(b) has been interpreted to define employer with "substantial breadth and generality," *Armbruster v. Quinn*, 711 F.2d 1332, 1336 (6th Cir.1983), and with strong consideration of the economic realities of the employment relationship. *Unger v. Consolidated Foods Corp.*, 657 F.2d 909, 915 n. 8 (7th Cir.1981).[2] The principal advantages gained by attorneys and other professionals who incorporate concern tax and civil liability. *E.g.*, Ill.Ann.Stat. ch. 32, § 415-8 (Smith-Hurd 1970). Shareholders in a professional corporation are not immune from malpractice liability. The economic reality of the professional corporation in Illinois is that the management, control, and ownership of the corporation is much like the management, control, and ownership of a partnership. We therefore see no reason to treat the shareholders of a professional corporation differently for purposes of Title VII actions than we did partners of the accounting firm in *Burke*, 556 F.2d 867.

---

birth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work, and nothing in section 2000e–2(h) of this title shall be interpreted to permit otherwise.

**2.** The "economic realities" considered in determining who is an employee for Title VII pur-

poses may result in the term "employee" meaning different things for different purposes. Thus, both partners and shareholders of professional corporations are "employees" when the partner or shareholder asserts a fifth amendment privilege for partnership or corporation documents. *Bellis v. United States,* 417 U.S. 85, 94 S.Ct. 2179, 40 L.Ed.2d 678 (1974) (partnership); *In re Zisook,* 88 Ill.2d 321, 58 Ill.Dec. 786, 430 N.E.2d 1037 (1982) (professional corporation).

In addition to the similarities in the economics of law partnerships and professional corporations, state regulations of the two entities overlap. The Illinois Professional Service Corporation Act, Ill.Ann. Stat. ch. 32, §§ 415-1 to 415-18 (Smith-Hurd, 1970 & Supp.1983), governs the formation and operation of professional corporations in Illinois. Under that Act, the state restricts who can hold shares in the professional corporation. The Act requires that all shareholders must be licensed professionals. That requirement insures that those who control and thus manage the corporation will be subject to the jurisdiction of the state bar association and bound by the Code of Professional Responsibility. Those restrictions are the same as those imposed upon attorneys who practice through partnerships, and lend further support. to our conclusion that the principles enunciated in *Burke* apply equally here.

The judgment of the district court is affirmed.

AFFIRMED.