**EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION, Plaintiff,**

v.

**PETTEGROVE TRUCK SERVICE,
INC., Defendant.**

**No. 88–8247–CIV.**

United States District Court,
S.D. Florida.

May 4, 1989.

See also 123 F.R.D. 354.

Patrick A. Kokenge, Lois Foster–Steers, E.E.O.C., Miami Dist. Office, Miami, Fla., for plaintiff.

I. Jeffrey Pheterson, Schmidt & Pheterson, Boca Raton, Fla., for defendant.

### ORDER

PAINE, District Judge.

This cause comes before the court upon the Motion for Summary Judgment (DE 22) of the Defendant, PETTEGROVE TRUCK SERVICE, INC., the Cross Motion for

Summary Judgment (DE 25) of the Plaintiff, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, and the Motion for Leave to File Reply to Plaintiff's Notice of Filing Supplemental Information (DE 43) of the Defendant[1]. Having considered the Motions and the submissions of the parties, the court enters the following order.

This case was brought by the EEOC in May of 1988 on behalf of one, Deborah Walden. It is alleged that Ms. Walden called the Defendant in July of 1986 in response to a newspaper advertisement seeking experienced dump truck drivers. The Defendant is in the business of hauling dirt with dump trucks to construction sites and other businesses. Ms. Walden was allegedly told by the female answering her call that the Defendant did not hire women because they could not handle the job. The parties seem to agree that the speaker may have been Judy Pettegrove, daughter of Donna Pettegrove, who was twelve years old at the time. After denial of a Motion to Dismiss or to Quash Service of Process filed by Defendant, an Answer and Affirmative Defenses (DE 15) was filed. One affirmative defense, which forms the basis for Defendant's Motion for Summary Judgment (DE 22) and Plaintiff's Cross Motion for Summary Judgment (DE 25), charges that the Defendant never has employed fifteen or more employees in each twenty weeks during the year in question as is required to come within the definition of an employer under Title VII. Based upon this, the defendant argues that the court does not have subject matter jurisdiction over the cause.

On a motion for summary judgment, the moving party will prevail if "there is no issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A party seeking summary judgment bears the burden of demonstrating that there is no genuine dispute as to any material fact.

*American Viking Contractors, Inc. v. Scribner Equip. Co.,* 745 F.2d 1365, 1369 (11th Cir.1984). Once the moving party has sufficiently supported the motion, the party opposing summary judgment must come forward with significant probative evidence demonstrating the existence of a triable issue of fact. *Ferguson v. National Broadcasting Co.,* 584 F.2d 111, 114 (5th Cir.1978). The question for the court is "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (quoting *Improvement Co. v. Munson,* 81 U.S. (14 Wall) 442, 448, 20 L.Ed. 867 (1872) (emphasis in original)). The court may enter summary judgment against the nonmoving party if he or she "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Failure to establish an essential element necessarily renders all other facts immaterial, leading to the conclusion that there is no genuine issue of material fact. *Id.* The moving party is then entitled to judgment as a matter of law because the opposing party has failed to establish an essential element with respect to which he or she has the burden of proof. *Id.*

Title 42, U.S.C. § 2000e(b) defines the term "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calender weeks in the current or preceding calender year." The "current year" as referenced in the statute is the year in which the alleged discrimination occurred. *Dumas v. Town of Mt. Vernon,* 612 F.2d 974, 979, n. 4 (5th Cir.1980).[2] Defendant supports its

---

1. The Motion for Leave to File Reply to Plaintiff's Notice of Filing Supplemental Information (DE 43) of the Defendant, PETTEGROVE TRUCK SERVICE, INC., is granted. The court shall consider the Reply in rendering a decision on the summary judgment motions.

2. In *Bonner v. City of Pritchard,* 661 F.2d 1206 (11th Cir.1981), the eleventh circuit adopted as binding precedent decisions of the fifth circuit prior to October 1, 1981.

argument that it is not an employer within the meaning of Title VII with payroll records of the Defendant and deposition transcripts. It is proper for the court to consider payroll records as evidence of the number of employees a business maintains. *See Thurber v. Jack Reilly's, Inc.*, 717 F.2d 633 (1st Cir.1983), *cert. denied* 466 U.S. 904, 104 S.Ct. 1678, 80 L.Ed.2d 153; *Zimmerman v. North American Signal Co.*, 704 F.2d 347 (7th Cir.1983).

In her deposition, Donna Pettegrove[3] states that the maximum number of employees that the company has maintained at any given point was thirteen. (DE 23). It is the Defendant's contention that the payroll records support this figure. Plaintiff, on the other hand, analyzed the payroll records and composed a chart which indicates that, if Bradley Pettegrove[4] is factored in as an employee of the Defendant, the Defendant has, in fact, had fifteen or more employees for twenty weeks in 1986. (DE 27). The court composed a similar chart and, after cross checking it with that of the Plaintiff, reached the same result.

Defendant filed a Response in Opposition to Plaintiff's Cross Motion for Summary Judgment on Jurisdiction (DE 28) in which it claims that the chart composed by the Plaintiff is incorrect. Defendant argues that some of the records on which the chart was based actually related to the first or second quarters of 1986 even though the records indicated third and fourth quarters on their face. Defendant submitted quarterly wage reports which it contends reflects this error. Additionally, one payroll sheet was submitted which shows that Ms. Pettegrove had crossed out the words third and fourth and substituted first and second. However, this form did not relate to any of the employees about whom Defendant claims Plaintiff is in error. No other evidence, such as the affidavit of Donna Pettegrove, was submitted to substantiate that it was her practice to use forms which

were intended for use in the third and fourth quarters of the year during the first and second.

In its Reply to Defendant's Response (DE 29) Plaintiff argues that, after numerous discovery requests which sought information on the jurisdictional issue, only the payroll records attached to Defendant's Motion for Summary Judgment were produced. No clarification of which quarters of 1986 the records related to was offered by the Defendant even though Plaintiff made repeated requests for information regarding the first half of that year. Now Defendant comes forward with additional evidence, suspected to have been available all the time, which attacks the basis of Plaintiff's argument supporting the court's jurisdiction.

In accordance with an order (DE 39) entered by this court on March 7, 1989, the Plaintiff filed additional argument and information with respect to the jurisdictional issue. (DE 45). Citing Defendant's lack of cooperation in providing information and the obvious unreliability of Defendant's records as a whole, Plaintiff reanalyzed the records and composed a new chart which indicates the following: for four weeks of 1986, Defendant had fifteen (15) employees on the payroll, for fifteen weeks there were fourteen (14) employees, for twenty-one (21) weeks there were thirteen (13) employees and for twelve (12) weeks there were twelve (12) employees. These figures include Bradley Pettegrove but not Donna and Julie Pettegrove as employees. If those additional family members are considered employees under Title VII, the proper jurisdictional number would be present. Defendant counters citing cases it contends refute any possibility that Donna and Julie Pettegrove should be considered employees for the purposes of Title VII.

■■■ An employee for purposes of Title VII is "an individual employed by an em-

---

3. Ms. Pettegrove is the sole officer, director, managing agent and registered agent of the Defendant.

4. It appears undisputed that Bradley Pettegrove, the husband of Donna Pettegrove, actually works as a mechanic for the company although he is not indicated on the payroll records originally submitted.

ployer...." The definition of the term employee is not restrictive and must turn on the facts of the particular case. *E.E.O.C. v. First Catholic Slovak Ladies Ass'n,* 694 F.2d 1068 (6th Cir.1982); *Hishon v. King & Spaulding,* 678 F.2d 1022 (11th Cir.1982), *rev'd on other grounds,* 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Burke v. Friedman,* 556 F.2d 867 (7th Cir.1977). The "economic realities" test is used to determine employee status. *Broussard v. L.H. Bossier, Inc.,* 789 F.2d 1158, 1160 (5th Cir.1986); *Smith v. Berks Community Television,* 657 F.Supp. 794 (E.D.Pa.1987). Under that test, one important factor for the court to consider is the amount of control the worker has over his or her job. *Broussard,* 789 F.2d at 1160. Other relevant considerations include "the kind of occupation, with reference to whether the work is usually done under a supervisor or is done by a specialist without supervision; the skill required; who furnishes the equipment used and the place of work; method of payment; and, benefits accumulated." *Id.* This analysis has resulted in the following parties not to be considered employees under Title VII: partners, *Hishon,* 678 F.2d at 1028; *Burke,* 556 F.2d at 869; independent contractors, *Broussard,* 789 F.2d at 1160; volunteer workers, *Berks Community Television,* 657 F.Supp. 795; and officers or directors of corporations, *Chavero v. Local 241, Div. of Amalgamated Transit Union,* 787 F.2d 1154, 1157 (7th Cir.1986). However, with respect directors or board members of a corporation, the court must look beyond the party's label and consider whether he or she performs traditional employee duties. *First Catholic Slovak Ladies Ass'n,* 694 F.2d at 1070.

■ An important distinction exists between this case and those cited above. The court here is not asked to determine whether the Plaintiff is an employee for purposes of Title VII. Rather, the court is asked to consider whether Donna and Julie Pettegrove are employees in the context of its determination of Defendant's status as an employer under the statute. Under the

circumstances, the court finds that a broad interpretation of the term employee is necessary to effectuate the purposes of Title VII. Donna Pettegrove is the sole officer of the Defendant corporation. Her deposition testimony reveals that she also performs traditional employee functions. She is the bookkeeper, is responsible for sales and appears, for all intents and purposes, to be the manager of the operation. Julie Pettegrove works full time for the Defendant hiring truck drivers, driving a truck and operating a backhoe. Although neither of these persons draws a salary, as working for the company is their full time occupation, the court can reasonably assume that they derive some form of support from the operation of the company.[5] The court finds that Donna and Julie Pettegrove are employees for purposes of its determination of whether Defendant is an employer under Title VII.

For purposes of its Motion for Summary Judgment, Defendant bore burden of demonstrating that there was no genuine dispute of material fact as to the jurisdictional issue. *American Viking Contractors, Inc.,* 745 F.2d at 1369. Defendant sufficiently supported its motion, therefore the burden shifted to the Plaintiff to show that there was indeed an issue of fact. *Ferguson,* 584 F.2d at 114. Plaintiff chose, instead, to make its Cross Motion for Summary Judgment in which it argued that there was no question of fact to be decided on the jurisdictional issue, but that the undisputed facts added up in its favor. At this point it was Defendant's burden to again come forward with probative evidence to refute Plaintiff's stance on the jurisdictional issue. In its Response to the Cross Motion for Summary Judgment (DE 28), Defendant came forward with a plausible argument as to why Plaintiff's analysis of the number of its employees was incorrect, However, the court finds that the argument was not supported with sufficiently solid evidence to counter Plaintiff's original analysis. Defendant's record keeping history also factors into the equation. By Defense counsel's own admission,

---

**5.** This especially so in light of the fact that the Defendant's submissions indicate that husband and father, Bradley Pettegrove, receives only $2275.00 per quarter in salary.

it is not a model of accuracy. Even without the previous finding, however, the Defendant must still fail. The court having also found that Donna and Julie Pettegrove should be considered employees of the Defendant for purposes of the definition of the term employer, Defendant employed fifteen or more employees for each of twenty weeks in the year of 1986. Accordingly, the court can properly exercise jurisdiction over the cause.

In view of all of the foregoing, it is hereby ORDERED and ADJUDGED that

(1) the Motion for Summary Judgment (DE 22) of the Defendant, PETTEGROVE TRUCK SERVICE, INC., is DENIED.

(2) the Cross Motion for Summary Judgment (DE 25) of the Plaintiff, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, is GRANTED.

(3) the Motion for Leave to File Reply to Plaintiff's Notice of Filing Supplemental Information (DE 43) of the Defendant, PETTEGROVE TRUCK SERVICE, INC., is GRANTED.

DONE and ORDERED.