981 F.2d 1250
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Bonnie AULD, Plaintiff-Appellant,
v.
LAW OFFICES OF COOPER, BECKMAN & TUERK, a partnership;
Gerald H. Cooper, individually; A. Thomas Beckman,
individually; Carl E. Tuerk, Jr., individually; Larry E.
Jordan, individually, Defendants-Appellees.
 No. 92-1356.
 United States Court of Appeals,
Fourth Circuit.
 Argued: October 27, 1992
Decided: December 18, 1992
 
 Argued: Michael Daniel Montemarano, Baltimore, Maryland, for Appellant.
 Douglas Michael Topolski, Miles & Stockbridge, Baltimore, Maryland, for Appellees.
 On Brief: Gary C. Duvall, Miles & Stockbridge, Baltimore, Maryland, for Appellees.
 D.Md.
 AFFIRMED.
 Before NIEMEYER and HAMILTON, Circuit Judges, and YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 I.
 
 1
 Plaintiff-Appellant Bonnie Auld filed a Title VII suit against her former employer, Cooper, Beckman, & Tuerk (CBT or the firm), alleging that she was fired because she was pregnant. Since Title VII applies only to employers of 15 or more employees, Plaintiff must show she is covered by the Act. CBT has four partners and employs approximately eleven other individuals, which raises the question of whether partners are employees for the purposes of Title VII.
 
 
 2
 Auld first filed a claim for sex discrimination with the Equal Employment Opportunities Commission (EEOC), which denied jurisdiction because it found that CBT possessed fewer than 15 employees during the relevant time period. Plaintiff then filed this suit, alleging that CBT and its partners jointly and severally violated Title VII and the Pregnancy Discrimination Act by engaging in employment practices that discriminate against women and by discharging her because she was pregnant. In response to Defendants' Motion for Summary Judgment for lack of subject matter jurisdiction, Plaintiff merely protested that she was not in a position to refute CBT's factual allegations that it employed fewer than 15 people. The District Court entered summary judgment in favor of the Defendants.
 
 II.
 
 3
 Title VII defines the term "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year," and prohibits employers from discriminating against individuals based on race, color, religion, sex, or national origin. 42 U.S.C. § 2000e(b); 42 U.S.C. § 2000e-2(a) (1988). Therefore, if CBT did not employ 15 employees during or in the year prior to Auld's tenure, there is no federal jurisdiction.
 
 
 4
 For CBT to be liable under Title VII, the Court must find that CBT's partners are employees of the law firm, even though each partner possesses an equity interest in the firm and participates in its management and control.
 
 
 5
 Hishon v. King & Spalding, 467 U.S. 69 (1984), held that an associate challenging the denial of partnership in a law firm may state a claim under Title VII. Moreover, a partnership may not use that form of business to avoid Title VII compliance. 467 U.S. at 79 n.2 (Powell, J., concurring). Justice Powell's concurring opinion, however, made clear that "the Court's opinion should not be read as extending Title VII to the management of a law firm by its partners. The reasoning of the Court's opinion does not require that the relationship among partners be characterized as an 'employment' relationship to which Title VII would apply. The relationship among law partners differs markedly from that between employer and employee-including that between the partnership and its associates." 467 U.S. at 79 (emphasis added). This language clearly implies that traditional partners are not "employees" of the firm as an independent entity for the purposes of Title VII. Furthermore, several other Circuit Courts have held that partners and their equivalent are not Title VII employees. See Burke v. Friedman, 556 F.2d 867 (7th Cir. 1977) (partners of accounting firm not employees for purpose of Title VII); Wheeler v. Hurdman, 825 F.2d 257 (10th Cir.), cert. denied, 484 U.S. 986 (1987) (partner expelled after only 17 months in the partnership is nonetheless not an employee); EEOC v. Dowd & Dowd, Ltd., 736 F.2d 1177 (7th Cir. 1984) (en banc) (shareholders in law firm organized as a professional corporation not employees because they function as partners).
 
 
 6
 The Circuit Court cases that favor examining the actual role of each partner to determine employee status do not militate in favor of the Plaintiff in this case. Garrett v. Phillips Mills, Inc., 721 F.2d 979, 981 (4th Cir. 1983), held that a salesman was an independent contractor and not an employee after analyzing the employment relationship according to the principles of agency and the "economic realities" test. Even if the "economic realities" test is applied here, CBT's partners are not mere employees because the economic realities of partnership status include the attributes of ownership: unlimited liability, capital contributions, profit sharing, management, etc. In Fountain v. Metcalf, Zima & Co., 925 F.2d 1398 (11th Cir. 1991), the Eleventh Circuit examined the actual role played by a shareholder of an accounting firm, and determined that his sharing of profits, losses, expenses, and voting rights barred his claim of employee status. Likewise here, CBT's partners have a financial stake in the firm's success, and directly govern operations. In EEOC v. Peat, Marwick, Mitchell and Co., 775 F.2d 928 (8th Cir. 1985), the court allowed an EEOC subpoena against Peat, Marwick, suggesting that a partner could be considered an employee in some situations. However, the court did not elaborate and there is nothing in the record here to require characterizing as employees all of the bona fide partners of this small firm.
 
 CONCLUSION
 
 7
 Even if the Court is willing to inquire further into the roles played by titular partners, Plaintiff has offered no basis for doing so in this case. CBT's partners have an equity stake in a firm they control, and bear unlimited liability for the firm's losses. Therefore, the partners are not employees for the purposes of Title VII and this Court lacks subject matter jurisdiction over the case.
 
 AFFIRMED