937 F.Supp. 867 (1996)
Joyce MOEBUS, Plaintiff,
v.
OB-GYN ASSOCIATES, INC., Defendant.
No. 4:96CV00419 GFG.
United States District Court, E.D. Missouri, Eastern Division.
September 3, 1996.
*868 Robert K. Sweeney, Spector and Sweeney, Kirkwood, MO, for plaintiff.
Robert B. Leggat, Partner, Moline and Shostak, St. Louis, MO, Timothy Belz, Principal, Ottsen and Mauze, St. Louis, MO, for defendant.

MEMORANDUM AND ORDER
GUNN, District Judge.
This matter is before the Court on defendant's motion to dismiss the complaint, properly treated as a motion for summary judgment. Joyce Moebus was employed by defendant OB-GYN Associates, Inc., from September 1988 until her termination on October 14, 1996. In her amended complaint Moebus claims that she was discharged on the basis of her age in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(a), (Count I), and the Missouri Human Rights Act, Mo.Rev.Stat. § 213.055 (Count II).
Defendant argues that it is entitled to judgment on Count I because it did not have twenty or more employees during the relevant time period and is thus not an "employer" as defined by the ADEA, 29 U.S.C. § 630(b). This section provides, in relevant part, as follows: "The term `employer' means a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." An "employee" is defined as "an individual employed by any employer." Id. § 630(f).
The unrefuted affidavit of defendant's office manager attests to the following. During the relevant time period, all of defendant's stock was owned by three or four physicians. The Board of Directors of the corporation was made up of these physician/shareholders and a retired physician who co-founded the corporation. Each had an equal vote. All major decisions of the corporation, including acquisitions of material assets, execution of material contracts, funding decisions concerning the corporation's benefit plans, and bringing in new physicians were made by the Board of Directors.
The physician/shareholders did not report to any party except the Board of Directors. Each physician/shareholder set his or her own hours and conditions of work. The physician/shareholders' share in the profits, losses and expenses of the corporation is based upon the percentage of the corporation's business they generate, and each is entitled to a bonus based upon a pre-determined formula.
Records submitted by the office manager show that in addition to the full-time office manager, the corporation employed one non-shareholder physician, no more than 14 other full-time employees, and no more than 3 part-time employees.
The affidavit attests that the corporation also utilized the services of three ultrasound technicians and one dietician. The dietician worked Saturday mornings when needed. One of the ultrasound technicians worked one or two Wednesday evenings a month; each of the other two worked every other Saturday. All of the ultrasound technicians were free to cover for each other without prior consent from the corporation. Each of the technicians held full-time employment at area hospitals. The technicians and dietician were provided no benefits by the corporation. The dietician was paid for each person she saw, and the technicians were paid for each procedure they performed. The corporation exercised no direct supervision over the work these individuals performed. They were not invited to employee gatherings and were not deemed to be or treated as employees.
In Nationwide Mutual Insurance Co. v. Darden, 503 U.S. 318, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992) (Darden), faced with the question of whether an individual was an "employee" under ERISA and thus a proper ERISA plaintiff,[1] the Supreme Court stated the general rule for construing the term "employee" where the statute containing the term does not helpfully define it. "[W]hen Congress has used the term `employee' without *869 defining it, we have concluded that Congress intended to describe the conventional master-servant relationship as understood by common-law agency doctrine." Id. at 322-323, 112 S.Ct. at 1347-48 (quoted case omitted). General common-law principles, rather than the law of any particular State, are to be considered. Id. at 323 n. 3, 112 S.Ct. at 1348 n. 3. The Court rejected the test under which the term was to be construed in light of the purposes of the act in question. The Court further explained, "[s]ince the common-law test contains no shorthand formula or magic phrase that can be applied to find the answer, all of the incidents of the relationship must be assessed and weighed with no one factor being decisive." Id. at 324, 112 S.Ct. at 1348 (quoted case omitted).
In the present case, the Court first concludes that the technicians and dietician were not employees, but independent contractors. The Court bases this conclusion on the extent of these individuals' discretion over when and how long to work, the method of payment, the lack of supervision over their work, the fact that no employee benefits were provided, and the understanding of the parties as to their status. See id. at 323, 112 S.Ct. at 1348; Rogers v. Sugar Tree Prods., Inc., 7 F.3d 577, 581-82 (7th Cir.1993).
The critical question before the Court then is whether the physician/shareholders are to be counted as employees of defendant. If they are not employees, defendant is not an employer under the ADEA because it employed at the most nineteen employees, counting the part-time employees.
The Eighth Circuit has not yet ruled on this question, and there is a split of authority among those circuits that have. The two leading cases, EEOC v. Dowd & Dowd, Ltd., a Professional Corporation, 736 F.2d 1177 (7th 1984), and Hyland v. New Haven Radiology Assocs., 794 F.2d 793 (2d Cir. 1986), both predate Darden. In Dowd & Dowd, the Seventh Circuit held that in terms of management, control and ownership, the role of shareholders in a professional corporation was analogous to the role of partners in a partnership. Just as partners could not be counted toward the requisite number of employees for Title VII liability, see Burke v. Friedman, 556 F.2d 867 (7th Cir.1977),[2] so too shareholders of a professional corporation could not be counted. 736 F.2d at 1178.[3]See also Fountain v. Metcalf, Zima & Co., P.A., 925 F.2d 1398 (11th Cir.1991) (same).
In Hyland, the question came up in the context of a physician/shareholder seeking the benefits of the ADEA, arguing that he was an employee of his professional corporation from which he was expelled by the other directors. The Second Circuit rejected the "economic reality test" of Dowd & Dowd and concluded that the plaintiff was a covered "employee." "[T]he use of the corporate form precludes any examination designed to determine whether the entity is in fact a partnership." 794 F.2d at 798.
Another Court in this district has previously been presented with the question now under consideration, in the context of a Title VII claim. In Devine v. Stone, Leyton & Gershman, P.C., No. 4:95-CV-718, 1996 WL 617495 (E.D.Mo. Jan. 16, 1996), appeal docketed, No. 96-1548 (8th Cir. Mar. 1, 1996), the Court adopted the reasoning of Dowd & Dowd and rejected the "form over substance" test of Hyland. This Court will follow the same approach. The Court believes that it is in keeping with the general rule as explained in Darden, 503 U.S. 318, 112 S.Ct. 1344.
The Court notes that in a recent opinion, the Second Circuit has limited the holding of Hyland. In EEOC v. Johnson & Higgins, Inc., 91 F.3d 1529, 1537-39 (2d Cir. 1996), the Second Circuit held that while Hyland prevents corporate directors from arguing that they are exempt from the ADEA because they are "partners," it "did not hold that all directors must be viewed as employees" for purposes of the anti-discrimination laws. "Directors who do not possess the common law indicia of employment are clearly not `employees.'" Id., at 1539.
*870 In light of the physician/shareholders' position and responsibilities within the corporation, as established by the record in this case, the Court concludes that they are not "employees" for purposes of section 630(b) of the ADEA. Thus defendant is not an "employer" subject to the Act because it does not have the requisite number of employees. Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise jurisdiction over the remaining state law claim.
Accordingly,
IT IS HEREBY ORDERED that defendant's motion to dismiss, treated as a motion for summary judgment, is granted.
NOTES
[1] The Employee Retirement Income Security Act, 29 U.S.C. § 1002(6).
[2] See also Hishon v. King & Spalding, 467 U.S. 69, 79, 104 S.Ct. 2229, 2235, 81 L.Ed.2d 59 (1983) (Powell, J., concurring).
[3] The ADEA is to be interpreted in accordance with Title VII on analogous issues.