**Leslie H. JOHNSON, Plaintiff,**

v.

**COOPER, DEANS & CARGILL, P.A., Defendant.**

**Civ. No. 94–294–M.**

United States District Court, D. New Hampshire.

Nov. 4, 1994.

Debra Weiss Ford, Ford, Ford & Weaver, Portsmouth, NH, for Leslie H. Johnson.

Glenn R. Milner, Cook & Molan, PA, Concord, NH, for Cooper, Deans & Cargill, P.A.

*ORDER*

McAULIFFE, District Judge.

Plaintiff Leslie H. Johnson brings this pregnancy and sex discrimination action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* She claims that defendant Cooper, Deans & Cargill, P.A.,

unlawfully fired her because she took pregnancy leave and expressed an intention to have more children. Plaintiff also asserts supplemental state law claims.

Defendant's motion to dismiss for lack of subject matter jurisdiction is presently before the court. As explained below, defendant's motion is denied.

## I. BACKGROUND

The factual background recited here is drawn from the pleadings and is presented in the light most favorable to plaintiff. Leslie Johnson is an attorney licensed to practice law in New Hampshire. From October of 1988 through April of 1993, she was employed by the law firm of Cooper, Fauver & Deans, P.A., the predecessor to Defendant Cooper, Deans & Cargill, P.A. (hereinafter "CDC"). In 1991 plaintiff took an authorized four month maternity leave. During her next performance review after returning from maternity leave, in February of 1992, Johnson was allegedly told of the firm's concern about her plan to have a large family. The firm allegedly also told her that she was considered to be an effective lawyer.

At a later performance review, in September of 1992, Johnson claims to have been told that the firm did not plan to make her a partner. She says the firm told her that it decided instead to extend an offer of partnership to another associate. Plaintiff alleges that the other associate was unmarried, had no children, and had two years less experience. Plaintiff continued to work as an associate.

Plaintiff had been scheduled to begin a second maternity leave in March of 1993. However, due to complications in her pregnancy, she left at an earlier time. At a meeting held on April 30, 1993, CDC told Johnson that she was being discharged because of poor work performance. She was offered the opportunity to return to work from maternity leave for a limited period of

time, ending on September 30, 1993, in what was basically a paralegal position.

Defendant's motion to dismiss plaintiff's Title VII claim rests on the law firm's contention that it is not an "employer" as that term is defined in 42 U.S.C. § 2000e(b), and so is not covered by Title VII's proscriptions.

## II. DISCUSSION

Title VII prohibits certain discriminatory conduct by "employers" against "employees." 42 U.S.C. § 2000e–2(a). Under the Act, an "employer" is defined as "a person engaged in industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year." 42 U.S.C. § 2000e(b). Partnerships and corporations are included in the definition of "person." 42 U.S.C. § 2000e(a). An "employee" is defined as "an individual employed by an employer...." 42 U.S.C. § 2000e(f). Under Title VII, the terms "employee" and "employer" are mutually exclusive. See generally, 42 U.S.C. § 2000e(a)–(k). CDC argues that subject matter jurisdiction over plaintiff's Title VII claim is lacking because it is not an "employer" within the meaning of the Act, and, there being no other federal claims, supplemental jurisdiction over plaintiff's state law claims should be declined.

Although it is a business organized as a professional association under New Hampshire law,[1] CDC claims that it should be treated as a partnership because in the context of "economic realities," that is how it functions. CDC's corporate shareholders are really "partners," they say, who own, manage, and control the business of the firm. Accordingly, CDC argues, they should be deemed "employers" and not "employees" under 42 U.S.C. § 2000e. If the shareholders are employers, and are not counted as employees of the corporate entity, then the firm did not employ the minimum number of persons necessary to trigger obligations under Title VII.

---

1. N.H.Rev.Stat.Ann. Ch. 294–A provides for organization of professional associations in the corporate form. Section 8 of that chapter provides that shares may be issued by the corporate entity only to natural persons who are authorized by law to render the professional service permitted by the articles of incorporation (or to general partnerships in which all partners are so qualified).

Johnson argues in opposition that CDC did employ the necessary 15 persons, because professional association shareholders who work for the business organization are properly counted as *employees,* since they are in fact "employed by" the corporate entity.

Shareholders of a professional corporation who are also employed by the corporation *are* "employees" for purposes of 42 U.S.C. § 2000e(b). *Hyland v. New Haven Radiology Assoc., P.C.,* 794 F.2d 793 (2nd Cir.1986). In *Hyland,* a radiologist brought an Age Discrimination in Employment Act ("ADEA") suit claiming that he was forced to resign as an employee, shareholder, officer and director of the defendant radiology association, a professional corporation. The defendant corporation argued that it possessed all the attributes of a partnership despite its corporate form, and that as a "partner," the plaintiff was himself an employer rather than an employee covered by the ADEA. The Court of Appeals for the Second Circuit held that the defendant corporation, having elected to do business in the corporate form, was precluded from asserting that economic realities entitled it to be treated as a *de facto* partnership for Title VII purposes.

> It is one thing to apply an economic realities test to distinguish an employee from an independent contractor or partner, but it is quite another to apply the test in an attempt to identify as partner one associated with a corporate enterprise. While those who own shares in a corporation may or may not be employees, they cannot under any circumstances be partners in the same enterprise because the roles are mutually exclusive. NHRA urges us to "develop a ... list of factors to be considered in determining if an individual is a 'partner' or a covered 'employee.'" There is no need to develop such a list of factors where the individual involved is a corporate employee, for we hold that every such employee is "covered" for purposes of the ADEA and that any inquiry respecting partnership status would be irrelevant.

*Hyland,* 794 F.2d at 798; *contra E.E.O.C. v. Dowd & Dowd, Ltd.,* 736 F.2d 1177 (7th Cir.1984).

 This court likewise holds that shareholders of CDC are "employees" within the meaning of Title VII. CDC elected to organize in the corporate form and cannot now avoid the reach of Title VII by calling its shareholder-employees partners. Title VII was intended to serve a remedial purpose—the elimination of discrimination in employment—and should be construed to that end. *See Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 44–5, 94 S.Ct. 1011, 1017–18, 39 L.Ed.2d 147 (1974); *Thurber v. Jack Reilly's, Inc.,* 717 F.2d 633 (1st Cir.1983), *cert. denied,* 466 U.S. 904, 104 S.Ct. 1678, 80 L.Ed.2d 153 (1984). That remedial purpose is best served by declining defendant's invitation to ignore legal reality in deference to economic reality. Shareholder-employees of professional associations are, in law, "employees" not only for purposes of bringing their own Title VII claims, as in *Hyland,* but also for purposes of determining whether the requisite number of people have been employed to bring the employer within Title VII's remedial reach.

## III. CONCLUSION

For the reasons stated above, defendant's Motion to Dismiss (document no. 5) is hereby denied. When the shareholder-employees of CDC are included in the computation of total number of employees, CDC did employ the requisite number of people to qualify as an "employer," as defined.

SO ORDERED.