**Karen DEVINE, Plaintiff/Appellant,**

v.

**STONE, LEYTON & GERSHMAN, P.C., Defendant/Appellee.**

**No. 96–1548.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 11, 1996.

Decided Nov. 13, 1996.

Rehearing and Suggestion for Rehearing En Banc Denied Dec. 30, 1996.*

* Chief Judge Richard S. Arnold and Judge McMillian would grant the suggestion.

D. Eric Sowers, St. Louis, MO (Dayna F. Deck, St. Louis, MO, on the brief), for appellant.

Alan E. Popkin, St. Louis, MO (Paul J. Puricelli, St. Louis, MO, on the brief), for appellee.

1. The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

2. The partnership was called Stone, Leyton, Carey & Zatlin. Although Carey and Zatlin re-

Before BEAM, HEANEY, and MURPHY, Circuit Judges.

MURPHY, Circuit Judge.

Karen Devine appeals from a judgment dismissing her claims brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq., and the Missouri Human Rights Act, Mo.Rev.Stat. §§ 213.010 et. seq. Devine alleged that she was fired from her job at Stone, Leyton & Gershman, P.C. (SL & G) because she had complained of sexual harassment, and alternatively, because of her sex. The district court[1] granted SL & G's motion for summary judgment on the Title VII claim because it found that SL & G was not an "employer" under the statute, and dismissed the supplemental state law claim for lack of jurisdiction. We affirm.

Karen Devine alleges that she was sexually harassed and discriminated against during the three years she worked as a paralegal at SL & G. She states that she first brought the problem to the attention of attorney Steven Leyton in June 1992. She claims the harassment continued, and that in October 1993 she made a formal complaint to Jeffrey Gershman and told him she was prepared to file a claim with the EEOC. Devine was fired in May 1994.

In June 1992, at the time Devine said that she first spoke to Leyton about harassment, SL & G was organized as a partnership, but it changed its form in January 1993 and became a professional corporation.[2] The attorneys who had been partners became shareholders and directors of the professional corporation. After the change in form, other attorneys became shareholders and directors. The total number of employees at SL & G during 1993 and 1994 is disputed by the parties. Devine asserts that there were eighteen employees in 1994 when she was fired, eight of whom were attorneys. SL & G states that it had no more than twelve employees.

mained after the reorganization, their names were not used in the corporate title.

In her complaint Devine alleged that SL & G was an "employer" under Title VII and Missouri law. SL & G moved for summary judgment, claiming it did not meet the federal statutory definition of employer because it did not have fifteen employees since the attorney shareholders and directors did not count as such. There is no dispute that jurisdiction under Title VII depends on whether or not some or all of the attorney shareholder-directors were employees.

The plain language of the statute does not provide much guidance in determining whether any or all of SL & G's shareholder-directors are employees. "Employee" is defined as "an individual employed by an employer...." 42 U.S.C. § 2000e(f). "Employer" is defined as a "person engaged in an industry affecting commerce who has fifteen or more employees...." 42 U.S.C. § 2000e(b).

Devine contends that the attorneys were employees in 1994 because they worked for a professional corporation. She points out that SL & G chose to switch from a partnership to a corporation. According to her, SL & G obtained tax and employee benefits by switching to the corporate form and it should have to accept other consequences of that type of entity. She argues Title VII is remedial in nature and should be liberally construed to further its objectives and that judicial economy favors adoption of a per se rule making every individual in a professional corporation an "employee."

SL & G argues that examination of the economic realities of its employment arrangement shows that the shareholder-directors were not employees. Even though it was a professional corporation, it functioned like a partnership and the shareholder-directors acted like partners. Partners are not employees it says, so the attorney shareholders should be considered similarly.

Courts have taken two approaches in resolving the question of whether shareholders and directors of professional corporations are employees under federal antidiscrimination law. Under one approach the type of organization is decisive, and individuals working for a professional corporation are considered employees. *EEOC v. Johnson & Higgins, Inc.,* 91 F.3d 1529 (2d Cir.1996); *Hyland v. New Haven Radiology Assocs., P.C.,* 794 F.2d 793 (2d Cir.1986); *Johnson v. Cooper, Deans & Cargill, P.A.,* 884 F.Supp. 43 (D.N.H.1994). The other approach examines the actual circumstances to determine whether an individual functions like a partner. Individuals acting like partners will not be classified as employees because partners own and manage a firm. *Fountain v. Metcalf, Zima & Co., P.A.,* 925 F.2d 1398 (11th Cir.1991); *EEOC v. Dowd & Dowd, Ltd.,* 736 F.2d 1177 (7th Cir.1984).

The words "employer" and "employee" should be given their established meaning. *See Nationwide Mut. Ins. Co. v. Darden,* 503 U.S. 318, 323, 112 S.Ct. 1344, 1348, 117 L.Ed.2d 581 (1992) (holding that where the statute does not helpfully define the term "employee," courts should apply its established meaning); *Graves v. Women's Professional Rodeo Ass'n, Inc.,* 907 F.2d 71, 73 (8th Cir.1990). Cases interpreting the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 et. seq., can also be useful in Title VII cases since the relevant definitions are nearly identical and the underlying purpose is similar.[3] *See McKennon v. Nashville Banner Publishing Co.,* —— U.S. ——, ——, 115 S.Ct. 879, 884, 130 L.Ed.2d 852 (1995); *Lenhardt v. Basic Inst. of Technology, Inc.,* 55 F.3d 377, 380 (8th Cir.1995); *Hyland,* 794 F.2d at 796.

This court has indicated that the form of the organization does not control whether an individual is an employee under the ADEA. *EEOC v. Peat, Marwick, Mitchell & Co.,* 775 F.2d 928 (8th Cir.1985). The firm in *Peat Marwick* was organized as a partnership, but the EEOC argued that at least some of the 1300 partners were employees under the statute. The EEOC was permitted to investigate by subpoena whether the partners were in fact employees. Examination of the circumstances would not have been necessary

---

**3.** The ADEA defines "employee" as "an individual employed by any employer...." 29 U.S.C. § 630(f). "Employer" is defined as "a person engaged in an industry affecting commerce who has twenty or more employees...." 29 U.S.C. § 630(b).

if the form of the organization were controlling. As *Peat Marwick* suggests, employment relationships vary greatly and often defy easy categorization. A rigid per se rule that stresses organizational form over substance might be easier to apply, but it also might undermine the statutory purposes.

■ The better reasoned cases hold that the substance of the employment relationship determines whether an individual is an employee under Title VII. *E.g., Fountain,* 925 F.2d at 1400–01; *Calderon v. Martin County,* 639 F.2d 271, 273 (5th Cir.1981); *see also Peat Marwick,* 775 F.2d at 930 (involving ADEA); *McGraw v. Warren County Oil Co.,* 32 Fair Empl. Prac. Cas. (BNA) 1798 (S.D.Iowa 1982), *aff'd,* 707 F.2d 990, 991 (8th Cir.1983) (per curiam) (involving ADEA and affirmed "on the basis of the district court's well-reasoned opinion"). The actual duties and role of the individual govern the resolution of the issue. An employer may not avoid Title VII by affixing a label to a person that does not capture the substance of the employment relationship. *See Hishon v. King & Spalding,* 467 U.S. 69, 80 n. 2, 104 S.Ct. 2229, 2236 n. 2, 81 L.Ed.2d 59 (1984) (Powell, J., concurring); *Zimmerman v. North Am. Signal Co.,* 704 F.2d 347, 352 n. 4 (7th Cir.1983).

■ In deciding whether the shareholder-directors are employees or employers, we look to the extent to which they manage and own the business. If the shareholder-directors manage and own SL & G, they should not be counted as employees.[4] *See Fountain,* 925 F.2d at 1401; *Burke v. Friedman,* 556 F.2d 867, 869 (7th Cir.1977). All relevant factors must be examined; any one may not be decisive in deciding whether an individual is an employee. *See Darden,* 503 U.S. at 324, 112 S.Ct. at 1348–49; *Wilde v. County of Kandiyohi,* 15 F.3d 103, 106 (8th Cir.1994). A factor important to consider in evaluating the degree of management and control is the ability to participate in setting firm policy. Participation rights need not be equal, but the test is whether the shareholder-directors have a meaningful voice in decision-making. *See Strother v. Southern Cal. Permanente Medical Group,* 79 F.3d 859, 867–68 (9th Cir.1996). Indicia of ownership include such things as contributions to firm capital, liability for debts, and compensation based on profits. *See Commissioner v. Tower,* 327 U.S. 280, 286, 66 S.Ct. 532, 535, 90 L.Ed. 670 (1946) (noting that a partnership is generally created when there is a "community of interest in the profits and losses"); *Wheeler,* 825 F.2d at 274; *Burke,* 556 F.2d at 869.

The record presented to the district court in this case was limited. Devine submitted her affidavit and a one page exhibit. SL & G submitted an affidavit of Leyton. Neither side directly contradicted the evidence of the other. According to Devine's affidavit, SL & G controlled how the shareholder-directors performed their duties and required that their work be done at its office; paid them a bi-monthly salary; provided insurance, pensions, and health benefits; and withheld taxes. According to Leyton's affidavit, the shareholder-directors participated in all management decisions including hiring employees, admitting new shareholders, setting billing rates, and supervising the firm's work; made capital contributions to the firm; guaranteed loans and leases; and were compensated on the basis of the firm's profits.

■ We review appeals of summary judgment de novo. *Maitland v. University of Minn.,* 43 F.3d 357, 360 (8th Cir.1994). Summary judgment is appropriate if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The nonmoving party must make "a sufficient showing on [all] essential elements of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The existence of a "scintilla of evidence" in favor of the non-moving party is

---

4. Cases that distinguish employees from independent contractors are not directly applicable here. *E.g., Nationwide Mut. Ins. Co. v. Darden,* 503 U.S. 318, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992). Those cases use agency principles to determine whether an individual is part of the enterprise. The shareholder-directors are clearly part of SL & G. The question is whether they manage and own the firm.

not enough to create a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

Devine did not meet her burden to present sufficient evidence that SL & G was an employer under Title VII. She had the burden to prove federal jurisdiction. *FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215, 231, 110 S.Ct. 596, 607–08, 107 L.Ed.2d 603 (1990). In her affidavit, Devine stated that SL & G controls the work of the attorneys. This does not describe how the business was actually run, however. She also indicated that the shareholder-directors were paid a bi-monthly salary, but this is not enough to make them employees, particularly since there was unrebutted evidence that their compensation was based on the firm's profits. *See Graves v. Women's Professional Rodeo, Ass'n, Inc.,* 907 F.2d 71, 73 (8th Cir.1990). Furthermore, there was uncontroverted evidence that the shareholder-directors participated in all management decisions and set firm policy, as well as evidence showing indicia of ownership such as contributions to firm capital and responsibility for firm debts. Devine did not refute this evidence.

Since Devine did not make a sufficient showing that the shareholder-directors were employees and that the firm therefore was an employer under Title VII, summary judgment was proper. The dismissal then of the supplemental state law claim was not an abuse of discretion. Accordingly, the judgment is affirmed.

HEANEY, Circuit Judge, dissenting.

I respectfully dissent. I agree with the Second Circuit that professionals who elect to incorporate are "employees" for the purpose of Title VII. *See Hyland v. New Haven Radiology Assocs., P.C.,* 794 F.2d 793, 798 (2d Cir.1986). Reading the statute either literally or broadly, the shareholders of a professional corporation fall under the general statutory definition of employee: they are employed by the corporation. The corporation pays them a bi-monthly salary, withholds taxes from them, and provides them with insurance, pension, and health benefits. The corporate structure also offers to the shareholders significant tax advantages and employee benefits. "Having made the election to incorporate, they should not now be heard to say that their corporation is 'essentially a [legal] partnership among co-equal [attorneys].'" *Id.* Assuming that all of the attorneys at SL & G actively engage in the practice of law, they should be counted as "employees" and SL & G should be considered an "employer" under 42 U.S.C. § 2000e(b). Although this interpretation of Title VII exposes professional corporations to potential liability, it also offers to all of the shareholders, particularly the less senior ones, protection from discriminatory conduct. In my view, this interpretation is consistent with the broad, remedial purpose of this anti-discrimination statute. Thus, I would reverse the district court and allow Devine to go forward with her discrimination claim.