Hoar v. Prescott Park Arts          CV-96-551-M    08/25/97   P
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW HAMPSHIRE

Jonathan R. Hoar

        v.                                      Civil No. 96-551-M

Prescott Park Arts Festival, Inc.


                              O R D E R


        Defendant, Prescott Park Arts Festival, Inc., ("Prescott

Park"), moved to dismiss the Title VII action brought by

plaintiff, pro se, Jonathan R. Hoar, for lack of subject matter

jurisdiction.  Prescott Park asserted that it was not an employer

as defined under Title VII at 42 U.S.C.A. § 2000e(b) because it

lacked the requisite number of employees.  Plaintiff objected but

did not provide appropriate factual support for his arguments.

Recognizing plaintiff's pro se status, the court afforded him an

opportunity to address the issue of the number of Prescott Park's

employees in an affidavit.  Plaintiff has now submitted his

affidavit in opposition to defendant's motion to dismiss.

        The party who invokes federal jurisdiction bears the burden

of proving that it exists.  Murphy v. United States, 45 F.3d 520,

522 (1st Cir. 1995).  Because Title VII prohibits particular

employment practices by an "employer," the statutory definition

of "employer" defines the statute's jurisdictional reach.  See,

e.g., Thurber v. Jack Reilly's, Inc., 717 F.2d 633, 634 (1st Cir.

1983); Johnson v. Cooper, Deans & Cargill, P.A., 884 F. Supp. 43, 44 (D.N.H. 1994). In pertinent part, Title VII defines "employer" as one "who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C.A. § 2000e(b). Thus, the jurisdictional question presented by defendant's motion to dismiss is whether plaintiff can show that defendant had the statutorily required number of employees in the pertinent years.

When considering a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), the court begins with the familiar standard applied to motions under Rule 12(b)(6). Accordingly, the court "construe[s] the Complaint liberally and treat[s] all well-pleaded facts as true, according the plaintiff the benefit of all reasonable inferences." Murphy, 45 F.3d at 522. In a Rule 12(b)(1) motion, however, the court may also consider other evidence, such as the affidavits that have been submitted here. See Aversa v. United States, 99 F.3d 1200, 1209 (1st Cir. 1996).

Plaintiff alleges discriminatory treatment by defendant during 1995,[1] and alleges in his complaint that defendant

_____

[1] Because the "current" calendar year is the year in which plaintiff alleges discriminatory actions by an employer and the statute also pertains to the year preceding the "current" calendar year, the years pertinent to jurisdiction seem to be 1994 and 1995. See, e.g., Vera-Lozano v. International

2

employed fifteen employees for twenty or more weeks in relevant years.[2]  In support of its motion to dismiss, defendant submitted the affidavit of its president, Anita Freedman, in which she says that during 1995 defendant "employed 35 individuals for a total of 11 weeks" and during 1996 it "employed 25 individuals for a total of 12 weeks."[3]  Plaintiff's affidavit is based on personal knowledge gleaned from seventeen years of involvement in defendant's activities, his programs among defendants' events, and his personal calendars and journals.  In his affidavit, plaintiff describes particular employees, by name and position, to show that defendant "employed" at least fifteen people for at

---

Broadcasting, 50 F.3d 67, 69 (1st Cir. 1995); <u>Vick v. Foote, Inc.</u>, 898 F. Supp. 330, 332 (E.D. Va. 1995), <u>aff'd</u>, 82 F.3d 411 (4th Cir.), <u>cert. denied</u>, 117 S. Ct. 311 (1996).

[2]  Plaintiff's conclusory allegations in his complaint are insufficient to carry his burden of showing jurisdiction.  <u>See</u> <u>Murphy</u>, 45 F.3d at 522.

[3]  In addition to failing to address its employees in 1994, defendant's affidavit is notable for what else it does <u>not</u> say, since defendant does not specifically deny employing fifteen people for a twenty week period.  <u>Cf., e.g.</u>, <u>Ost v. West Suburban Travelers Limousince, Inc.</u>, 88 F.3d 435, 439 (7th Cir. 1996); <u>Carroll v. Village of Shelton, Nebraska</u>, No. 4:CV95-3363, 1996 WL 910024 (D. Neb. December 19, 1996).

least twenty weeks in 1994 and 1995.[4]  Defendant has not responded to plaintiff's affidavit.

On the record presented, then, plaintiff has carried his burden of showing subject matter jurisdiction at least sufficiently to avoid dismissal at this point.  At best, the conflicting affidavits create a factual dispute about the number of defendants' employees and the duration of their employment in the pertinent years.  The Supreme Court recently explained that whether an employer "has" an employee, within the meaning of section 2000e(b), depends on the existence of "an employment relationship with the individual on the day in question" and "the employment relationship is most easily demonstrated by the individual's appearance on the employer's payroll."  Walters v. Metropolitan Educational Enterprises, 117 S. Ct. 660, 663 (1997). Since the record here does not include defendant's payroll records or comparable evidence of defendant's employment relationships during the pertinent years, potentially conclusive evidence of whether defendant qualified as an "employer" within the meaning of Title VII is lacking.

_____

    [4]  Although the plaintiff's affidavit is not entirely clear as to whether all listed employees were employed in both 1994 and 1995, any ambiguity is resolved in plaintiff's favor.  The court notes, however, that the "gatekeepers" described by plaintiff as working in 1995 from June 3 to September 30 do not appear to have been employed for the requisite twenty weeks.

Accordingly, defendant's motion to dismiss (document no. 5) is necessarily denied on this record, but without prejudice to refiling with appropriate factual submissions.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

August 25, 1997

cc:  Jonathan R. Hoar
     Diane M. Quinlan, Esq.

5