Hoar v. Prescott Park Arts Festival   CV-96-551-M   01/26/98

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Jonathan R. Hoar

    v.                                                              Civil No. 96-551-M

Prescott Park Arts Festival, Inc.


**O R D E R**

Prescott Park Arts Festival, Inc. ("Prescott Park") moves to dismiss Jonathan Hoar's Title VII suit for lack of subject matter jurisdiction on grounds that Prescott Park was not an "employer" within the meaning of 42 U.S.C.A. § 2000e(b) in the applicable years.  For the reasons that follow, Prescott Park's motion is granted.  Plaintiff's suit is dismissed.

When subject matter jurisdiction is challenged, the party invoking federal jurisdiction bears the burden to establish that jurisdiction exists.  Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995).  Here, plaintiff, bears that burden of proof.  When determining subject matter jurisdiction in the context of a motion to dismiss, the court takes well-pleaded facts in the complaint as true and resolves inferences in favor of the nonmoving party, but also may consider evidence outside of the pleadings submitted to support or challenge jurisdictional allegations.  Fed. R. Civ. P. 12(b)(1); Aversa v. United States, 99 F.3d 1200, 1209-10 (1st Cir. 1996).  As the court discussed in its prior order, to meet the Title VII prerequisites for subject matter jurisdiction, plaintiff must show that Prescott Park had at least fifteen employees for a minimum of twenty weeks in

either 1994 or 1995.  <u>See</u> 42 U.S.C.A. § 2000e(b); <u>see also</u> <u>Walters v. Metropolitan Educ. Enterprises</u>, 117 S. Ct. 660, 663 (1997).

A brief case history demonstrates that plaintiff, proceeding pro se, has had ample opportunity to support his jurisdictional allegations.  Prescott Park first moved to dismiss in January 1997 and submitted the affidavit of its president to show that it did not have the jurisdictional minimum number of employees.  The court found plaintiff's response to Prescott Park's first motion to be inadequate, but allowed plaintiff an additional opportunity to file appropriate materials to support his assertion of federal subject matter jurisdiction.  Plaintiff then submitted his own affidavit in which he described certain Prescott Park employees by name, positions, and approximate dates of employment.  Because the affidavits left Prescott Park's employment history somewhat unclear, the court denied the first motion to dismiss, without prejudice to refiling with additional supporting materials.  After Prescott Park filed its second motion to dismiss in early October, plaintiff requested and was granted an extension of time (October 27 to December 1), to review Prescott Park's payroll information and to prepare his objection.

In support of its present motion, Prescott Park has submitted an affidavit of Anita Freedman, president of Prescott Park, as well as copies of its records pertaining to employee wages in 1994 and 1995.  The records include summaries for 1994 and 1995, a copy of the ledger for 1994, copies of quarterly New

2

Hampshire and federal employer tax and wage reports for 1994 and 1995, and copies of "Short Run Agreements" with "contractors" for 1995. Ms. Freedman represents that the records and summaries submitted are true and accurate, and represent the best payroll information available for 1994 and 1995.

Ms. Freedman's affidavit states that Prescott Park did not employ a minimum of fifteen people for twenty weeks or more during 1994 or 1995. She explains that Prescott Park had a maximum of six[1] employees at times during 1994 and also employed a total of fifty-two "independent contractors,"[2] fifty of whom

---

[1] Although the affidavit says "six" employees, it lists only five names. Review of the attached and referenced records suggests that Ms. Freedman likely intended to include "Sue Bolduc" as one of the six employees.

[2] Prescott Park's designation of "independent contractor" does not necessarily mean that those so designated were not "employees" within the meaning of section 2000e(b). That distinction depends on whether a particular worker meets the requirements of "employee" "under traditional principles of agency law." Walters, 117 S. Ct. at 666 (citing Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 323-24 (1992)). Because, based on the record, so few of the group designated as "independent contractors" worked for more than twenty weeks in either 1994 or 1995, it is unnecessary in this case to address the question of their employment status, and neither party has raised the question of whether plaintiff, who is designated an "independent contractor" in 1995 would qualify as an employee for purposes a Title VII action. See, e.g., Serapion v. Martinez, 119 F.3d 982 (1st Cir. 1997) (determining partner not an employee eligible to bring action under Title VII), cert. denied, 1998 WL 6468 (Jan. 12, 1998); Cilecek v. Inova Health System Services, 115 F.3d 256 (4th Cir. 1997) (physician "independent contractor" not employee under Title VII), cert. denied, 1998 WL 6493 (Jan. 12, 1998); Devine v. Stone, Leyton & Gershman, P.C., 100 F.3d 78 (8th Cir. 1996) (plaintiff failed to show that directors and shareholders were employees for Title VII jurisdiction), cert. denied, 117 S. Ct. 1694 (1997); Torres Sierra v. Periodico La Perla Del Sur, 842 F. Supp. 612, 613 (D.P.R. 1994) (dismissing for lack of subject matter jurisdiction as employer employed "independent contractors" rather than employees).

3

worked for twelve weeks during the summer season from June through August and two of whom worked for eighteen weeks. Of the six "employees," the records summary indicates that only three of them worked for more than twenty weeks in 1994. The payroll summary for 1995 designates four people as employees, three of whom worked for more than twenty weeks, and twenty-eight as "independent contractors" only one of whom worked for more than twenty weeks. The "Short Run Agreements" between Prescott Park and production participants cover the period between June 1 and August 20, 1995 (or in three cases August 24 or August 26), which is approximately twelve or thirteen weeks. Thus, the materials submitted support Ms. Freedman's affidavit that Prescott Park did not have fifteen or more employees for a minimum of twenty weeks in either 1994 or 1995.

Plaintiff mistakenly argues that Prescott Park has a legal duty to submit copies of its actual "payroll" for 1994 and 1995 and objects to the motion to dismiss on grounds that Prescott Park has not provided the necessary information. Plaintiff misunderstands the jurisdictional burden of proof: as the party seeking federal jurisdiction, plaintiff must show that subject matter jurisdiction exists. Prescott Park has no obligation to prove or disprove jurisdiction.

Despite obtaining a significant extension of time to file his objection, and having had an opportunity to inspect Prescott Park's payroll information before filing his objection, plaintiff offers little to rebut Prescott Park's evidence that it did not

4

meet the statutory definition of "employer," in either 1994 or 1995.  His contention that the records for 1995 do not extend beyond July 1995 is simply wrong — Prescott Park submitted records of employee wages paid through December 31, 1995, and the "Short Run Agreements" cover the period until August 20 or 26.  Plaintiff does not specifically contest the accuracy of any of Prescott Park's records, or offer records or other information that might show a different employment profile.

In his objection, plaintiff offers a bare allegation, unsupported and unexplained, that Prescott Park Arts Festival, Inc. (the "Prescott Park" defendant in this case) is the same employer as Prescott Park, Inc. so that their employees may be combined for Title VII purposes.  If two separate corporate entities exist, as plaintiff alleges, they cannot be "considered the same," as plaintiff requests, absent some legally cognizable reason to ignore their separate corporate and legal existence.  In addition, even if the two entities could be combined for Title VII purposes, plaintiff has not shown what qualifying employees would be added from Prescott Park, Inc. to make up the total number of employees required for Title VII jurisdiction.  Thus, plaintiff's bare allegation is insufficient to meet his burden of proof.

Plaintiff relies primarily on his previous affidavit in which he described particular employees and the nature and duration of their employment with Prescott Park.  Plaintiff's affidavit is directly contradicted by Ms. Freedman's affidavit

5

and Prescott Park's payroll evidence.  Plaintiff alleges that Prescott Park had three year-round employees:  an Executive Director (George Hosker or Michael Greenblatt); an Administrative Assistant/Festival Manager (Susan Bolduc); and an Accountant/Treasurer (Peter Torry).  Prescott Park's records indicate that Michael Greenblatt was employed for twenty-nine weeks in 1994 and George Hosker was employed for fifty-two weeks in 1995; Susan Bolduc was employed for seventeen weeks in 1994 and fifty-two weeks in 1995; but there appear to be no wage records for a "Peter Torry."  Plaintiff offers no records to support his allegation that "Peter Torry" was a year-round employee in either 1994 or 1995.

Plaintiff alleges that Prescott Park also employed Steven Dascoulias, Eileen Paluszek, Kelli Connors, Sherry Blanchard, Chris Gardner, Aaron Levy, Matthew Tobey, F. Gary Newton, Ronald Gerhmann, and an "Executive Secretary" for more than twenty weeks.  Prescott Park's records indicate that Dascoulias was paid for one week in 1994 and was not on the payroll in 1995, Paluszek was paid for six weeks in 1994 and not at all in 1995, Connors (listed as Kelli Gower?) for eighteen weeks in 1994 and twenty-four weeks in 1995, and two other employees, Janice Brown and Mark Vadney (whose functions are unknown) worked for twenty-three and thirty-one weeks, respectively, in 1994, and Vadney worked for thirteen weeks in 1995.  Sherry Blanchard worked for eighteen weeks in 1994 and twelve weeks in 1995; Aaron Levy and Matthew Tobey each worked for twelve weeks in 1994 and for thirteen weeks

6

in 1995; and Newton and Gerhmann are not listed in the summary for either year.

Plaintiff also states in his affidavit that he and another actor, Marian Marangelli, both worked and were on Prescott Park's payroll for twenty-three weeks from May through September of 1995. Prescott Park's records, however, indicate that both Hoar and Marangelli were paid for twelve weeks between June 1 and August 20, 1995. Plaintiff has not filed his own or Marangelli's records, or other records, to contradict Prescott Park's records.

The greatest discrepancy seems to be plaintiff's estimate of the employment of seasonal employees such as gatekeepers. Prescott Park's records indicate that the production people and gatekeepers were paid for ten to twelve weeks during the summer season, until the end of August, while plaintiff alleges that the season extended to the end of September.

Based on the record presented, plaintiff has not sustained his burden to show that Prescott Park had at least fifteen employees for at least twenty weeks in either 1994 or 1995. Accordingly, the court concludes that Prescott Park was not an "employer" within the meaning of Title VII, and this court lacks subject matter jurisdiction over plaintiff's suit.

## Conclusion

For the foregoing reasons, defendant's motion to dismiss (document no. 14) is granted. The clerk of court is instructed

7

to enter judgment in favor of the defendant, in accordance with the terms of this order, and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

January 26, 1998

cc:   Jonathan R. Hoar
      Diane M. Quinlan, Esq.