**Laurie SAXON, Plaintiff,**

v.

**THOMPSON ORTHODONTICS,
Defendant.**

**No. 98–2401–JWL.**

United States District Court,
D. Kansas.

Aug. 19, 1999.

**1086**

Joseph Y. Decuyper, Jr., Kansas City, MO, for plaintiff.

James B. Jackson, Kansas City, MO, for defendant.

1. The Kansas Act Against Discrimination, K.S.A. § 44–1001 et seq., applies to employers with 4 or more employees and, thus, provides

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

Plaintiff filed suit against defendant alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., arising out of her employment with defendant. This matter is presently before the court on defendant's motion for summary judgment (doc. # 12). For the reasons set forth below, defendant's motion is granted and plaintiff's complaint is dismissed in its entirety.

### I. Background

Plaintiff's complaint is based on Title VII's anti-discrimination provision, which makes it unlawful for an "employer" to "refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." See 42 U.S.C. § 2000e–2(a)(1). Defendant is subject to Title VII, then, only if, at the time of the alleged discrimination, it met the statutory definition of "employer," to wit: "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." See Walters v. Metropolitan Educational Enterprises, Inc., 519 U.S. 202, 205, 117 S.Ct. 660, 136 L.Ed.2d 644 (1997) (quoting 42 U.S.C. § 2000e(b)).[1] In its motion, defendant argues that summary judgment is appropriate on plaintiff's complaint because it is not an "employer" within the meaning of § 2000e(b) (i.e., defendant did not have fifteen or more employees during the relevant period).

### II. Discussion

A review of the limited record before the court reveals the following uncontroverted facts. Defendant Thompson Orthodontics

protection against discrimination by many employers that do not fall within the scope of Title VII. See K.S.A. § 44–1002(b).

is organized as a professional corporation under the laws of Kansas. During the relevant time period, Drs. Donald, Jeffrey and Doug Thompson were the shareholders and directors of the professional corporation. The doctors received compensation based on the firm's profits, they shared responsibility for firm debts, they participated in all management decisions and set firm policy. The doctors, however, are identified as "employees" on an internal firm document. This document lists all "employees" of the corporation and sets forth year-to-date earnings and withholding information. The document indicates that the firm withheld FICA taxes for each of the doctor/shareholders. During this same period, Miriam Thompson and Grace Thompson, the wives of Drs. Donald and Jeffrey Thompson, respectively, served as decorating consultants with respect to the firm's office. Mmes. Thompson received quarterly remuneration for their services and the firm withheld FICA taxes from this remuneration. They, too, are identified on the internal document as "employees."

The parties agree that defendant does not meet the fifteen-employee minimum for purposes of Title VII coverage unless the doctor/shareholders and Mmes. Thompson are counted as employees of the firm. If the doctor/shareholders and Mmes. Thompson are not employees, then defendant does not have the requisite number of employees to constitute an "employer" within the meaning of Title VII and plaintiff's complaint must be dismissed.

### A. Status of Mmes. Thompson

■■■ Courts have applied a variety of tests to determine whether a plaintiff has demonstrated an employee-employer relationship for purposes of federal anti-discrimination statutes—the common law agency inquiry; the "hybrid" common law-economic realities method; and the single employer or true economic realities test. *Lockard v. Pizza Hut, Inc.*, 162 F.3d 1062, 1069 (10th Cir.1998). The Tenth Circuit has endorsed the use of the hybrid ap-

proach for purposes of determining whether a plaintiff is an employee of a particular entity for Title VII purposes. *See Lambertsen v. Utah Dep't of Corrections*, 79 F.3d 1024, 1028 (10th Cir.1996). Although this approach considers the economic realities of the working relationship, "the focus of the inquiry is the employer's right to control the 'means and manner' of the worker's performance." *Oestman v. National Farmers Union Ins. Co.*, 958 F.2d 303, 305 (10th Cir.1992) (applying hybrid test to determine whether insurance agent was an "employee" for purposes of ADEA) (quoting *Spirides v. Reinhardt*, 613 F.2d 826, 831 (D.C.Cir.1979)). Other factors to consider when applying the hybrid test include the following:

> (1) the kind of occupation, with reference to whether the work usually is done under the direction of a supervisor or is done by a specialist without supervision; (2) the skill required in the particular occupation; (3) whether the "employer" or the individual in question furnishes the equipment used and the place of work; (4) the length of time during which the individual has worked; (5) the method of payment, whether by time or by the job; (6) the manner in which the work relationship is terminated; i.e., by one or both parties, with or without notice and explanation; (7) whether annual leave is afforded; (8) whether the work is an integral part of the business of the "employer"; (9) whether the worker accumulates retirement benefits; (10) whether the "employer" pays social security taxes; and (11) the intention of the parties.

*Id.* (quoting *Spirides*, 613 F.2d at 832); *accord Lambertsen*, 79 F.3d at 1028. No single factor is conclusive. *Lambertsen*, 79 F.3d at 1028 (citing *Oestman*, 958 F.2d at 305). Rather, the court must consider the totality of the circumstances surrounding the working relationship between the parties. *Id.* (citing *Oestman*, 958 F.2d at 305).

As noted above, the record before the court is very limited. The facts demonstrate that Mmes. Thompson essentially

helped decorate the office on various occasions. While there is no evidence that the firm controlled the means or manner of the performance of Mmes. Thompson—a fact that suggests an employer-independent contractor relationship—there is some evidence that tends to suggest an employer-employee relationship. Specifically, Mmes. Thompson were compensated on a quarterly basis, had FICA taxes withheld from their compensation, and were referred to as "employees" on certain internal documents. These facts suggest that the parties intended Mmes. Thompson to be employees. While these facts certainly are not conclusive of the issue, the court concludes that these facts are sufficient to survive summary judgment, particularly in light of the dearth of evidence suggesting otherwise.

### B. Status of the Doctor/Shareholders

The court now turns to address whether the doctor/shareholders are employees of the corporation. The Tenth Circuit has not had the opportunity to address whether shareholders of a professional corporation should be counted as employees of that corporation for purposes of Title VII. Moreover, the court has not uncovered any district court opinions predicting how the Tenth Circuit might resolve this issue. Although several other circuits have specifically addressed this issue, there is a split of authority among those circuits. The two leading cases, *EEOC v. Dowd & Dowd, Ltd.*, 736 F.2d 1177 (7th Cir.1984) and *Hyland v. New Haven Radiology Assocs.*, 794 F.2d 793 (2d Cir.1986), highlight the two approaches courts have taken in resolving the question of whether shareholders of professional corporations are employees for purposes of federal anti-discrimination statutes. In *Dowd & Dowd*, the Seventh Circuit concluded that the "economic reality" of a professional corporation was analogous to a partnership in terms of management, control and ownership. 736 F.2d at 1178. Thus, according to the Seventh Circuit, just as partners could not be counted toward the requisite number of employees for Title VII liability,

so too shareholders of a professional corporation could not be counted. *Id.; accord Fountain v. Metcalf, Zima & Co.*, 925 F.2d 1398 (11th Cir.1991) (same). In *Hyland*, on the other hand, the Second Circuit rejected the "economic reality" test of *Dowd & Dowd* and held that the corporate form dictated that shareholders of a professional corporation are employees of the corporation, precluding any examination of whether the entity is in fact a partnership. 794 F.2d at 797–98. Not surprisingly, defendant urges the court to adopt the approach of the Seventh Circuit in *Dowd & Dowd*, while plaintiff urges the court to follow the Second Circuit's approach in *Hyland*.

Unfortunately, the language of Title VII itself is not particularly instructive on this issue. As the Tenth Circuit has noted, the statutory definition of "employee" is circular in its description. *See Wheeler v. Main Hurdman*, 825 F.2d 257, 263 (10th Cir.1987). Title VII defines an "employee" as "an individual employed by an employer." 42 U.S.C. § 2000e(f). It defines an "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees." *Id.* § 2000e(b).

In essence, then, the court is left to resolve an issue of first impression in the Tenth Circuit on which the circuits have split and the statute itself is, for all practical purposes, silent. In light of these circumstances, the court acknowledges that a reasonable resolution of the issue could follow either of the approaches set forth above. Nonetheless, the court must endeavor to ascertain which approach (or perhaps some variation thereof) it believes the Tenth Circuit would adopt if faced with the issue before the court here.

The most recent decision addressing whether shareholders of a professional corporation are employees for purposes of the federal anti-discrimination statutes is the Eighth Circuit's opinion in *Devine v. Stone, Leyton & Gershman, P.C.*, 100 F.3d 78 (8th Cir.1996). In *Devine*, the plaintiff was employed as a paralegal for the defendant, a law firm. *See id.* at 79. She filed

suit against the law firm, a professional corporation, alleging retaliation and sex discrimination. *Id.* The firm moved for summary judgment on the plaintiff's Title VII claim, claiming it did not meet the statutory definition of "employer" because it did not have fifteen employees. *Id.* at 80. Specifically, the firm maintained that the attorney/shareholders of the firm did not count as employees for purposes of Title VII coverage. *Id.* The district court agreed with the firm and granted its motion for summary judgment. *Id.* at 79–80.

The Eighth Circuit affirmed the district court's decision. Acknowledging the circuit split on the issue, Judge Murphy concluded that the better reasoned approach in deciding whether the shareholders of the firm were employees was to "look to the extent to which they manage and own the business." *See id.* at 81. Judge Murphy continued:

> A factor important to consider in evaluating the degree of management and control is the ability to participate in setting firm policy. Participation rights need not be equal, but the test is whether the shareholder-directors have a meaningful voice in decision-making. Indicia of ownership include such things as contributions to firm capital, liability for debts, and compensation based on profits.

*See id.* (citations omitted). In reviewing the district court's grant of summary judgment for the defendant, the Eighth Circuit highlighted unrebutted evidence demonstrating that the attorney/shareholders participated in all management decisions; made capital contributions to the firm; guaranteed loans and leases; and were compensated on the basis of the firm's profits. *See id.* at 82. Ultimately, the court held that the plaintiff simply did not make a sufficient showing on summary judgment that the shareholders of the firm were employees and that the firm therefore was an employer under Title VII. *See id.*

The court finds Judge Murphy's approach persuasive. Indeed, the Tenth Circuit has recognized the principles underlying this approach in a related context. *See Wheeler v. Main Hurdman,* 825 F.2d 257 (10th Cir.1987). In *Main Hurdman,* the Tenth Circuit addressed the issue of whether a partner in a partnership was also an employee for purposes of Title VII and the ADEA. In fashioning an appropriate approach to resolve that issue, Judge Anderson recognized the difficulty in sustaining "categorical absolutes" and reiterated the Circuit's commitment "to the use of an economic realities test in applying remedial social legislation ... where and to the extent appropriate." *See id.* at 268, 271. In essence, the Tenth Circuit rejected a form-over-substance approach and focused instead on the economic reality of both partnership status itself and status as a general partner. *See id.* at 274–75. Ultimately, the Circuit concluded that the "total bundle of partnership characteristics" evidenced in the case sufficiently differentiated a partner from a corporate employee such that bona fide general partners would not be considered employees for purposes of the federal anti-discrimination statutes. *See id.* at 276–77.

The Tenth Circuit's reasoning in the *Main Hurdman* decision leads this court to believe that the Circuit, if faced with the issue of whether shareholders of a professional corporation are employees, would conclude that if a shareholder of a professional corporation possessed essential attributes of a "partner," then the shareholder, regardless of the chosen corporate form, would not be considered an employee.[2] Thus, following the Tenth Circuit's guidance in *Main Hurdman* and the analysis of Judge Murphy in *Devine,* the court

---

**2.** The court's conclusion that the principles set forth by the Tenth Circuit in *Main Hurdman* apply here is further supported by the significant similarities in Kansas' regulations of partnerships and professional corporations. *See EEOC v. Dowd & Dowd, Ltd.,* 736 F.2d 1177, 1179 (7th Cir.1984) (similarity in state regulations of partnerships and professional corporations supported conclusion that shareholders are not employees). The Kansas Professional Corporation Act, K.S.A. § 17–2701

turns to the record on defendant's motion for summary judgment in an effort to ascertain whether the doctor/shareholders here possess any attributes of "partners."[3]

■ Affidavits filed by defendant demonstrate that the doctor/shareholders were compensated based on profits, shared responsibility for firm debts, participated in management decisions and set firm policy. Plaintiff has failed to refute these facts. These indicia of management and ownership suggest that the doctor/shareholders should not be counted as employees. *See Devine*, 100 F.3d at 81. The only facts set forth by plaintiff with respect to whether the doctor/shareholders should be classified as employees are that the firm identified the shareholders as "employees" on at least one internal document and withheld FICA taxes from their compensation. The mere fact that defendant listed the shareholders as "employees" for purposes of internal recordkeeping, however, simply does not speak to the relevant issue here— how the business was actually run. *See id.* at 82. On that issue, defendant has come forward with undisputed evidence that the shareholders participated in all management decisions and set firm policy. Moreover, the fact that the firm withheld FICA taxes is not enough to make the shareholders employees, particularly in light of defendant's unrebutted evidence that the shareholders' compensation was based on the firm's profits. *See id.* On balance, the evidence supports only the conclusion that the doctor/shareholders are essentially "partners" and, accordingly, that they are not employees of the firm.

et seq., governs the formation and operation of professional corporations in Kansas. The Act requires that all shareholders must be licensed professionals. *See id.* §§ 17–2712; 17–2707(d). As the Seventh Circuit noted in *Dowd & Dowd*, such a requirement insures that those who control and manage the corporation will be subject to the jurisdiction of the applicable state licensing board and bound by any applicable ethical guidelines. *See* 736 F.2d at 1179. Those restrictions are the same as those imposed upon doctors who practice through partnerships.

In sum, plaintiff simply has not come forward with sufficient evidence from which a reasonable factfinder could conclude that the shareholders were employees and that the firm therefore was an employer under Title VII. Thus, because it is undisputed that defendant is an employer under Title VII only if the shareholders and Mmes. Thompson are counted as employees, summary judgment in favor of defendant is appropriate.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for summary judgment (doc. # 12) is **granted** and plaintiff's complaint is dismissed in its entirety.

**IT IS SO ORDERED.**

**3.** The court acknowledges a major distinction between the analysis of whether a partner is an employee and whether a shareholder of a professional corporation is an employee. As in *Main Hurdman*, for example, both the economic realities of partnership status and the organizational form may dictate the same conclusion—that a bona fide general partner is not an employee. The economic realities of a shareholder, however, might dictate a result different from the result suggested by the organizational form. Nonetheless, the apparent teaching of *Main Hurdman* is that organizational form does not control the outcome in the eyes of the Tenth Circuit.