Anne Elizabeth ZIEGLER, M.D.;
Debra Ann Deangelo, D.O.,

v.

ANESTHESIA ASSOCIATES OF LANCASTER, LTD. Anne E. Ziegler, M.D. and Debra A. DeAngelo, D.O., Appellants.

No. 02–1899.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) Jan. 14, 2003.

Decided Aug. 29, 2003.

Brooke C. Madonna, Alan B. Epstein, Spector, Gadon & Rosen, Philadelphia, PA, for Appellants.

Alan D. Berkowitz, Dechert, Philadelphia, PA, for Appellee.

Before SCIRICA,* BARRY, and SMITH, Circuit Judges.

## OPINION

BARRY, Circuit Judge.

The District Court dismissed the plaintiffs' employment discrimination suit for lack of subject matter jurisdiction, and they appeal.[1] Plaintiffs, anesthesiologists Anne Elizabeth Ziegler and Debra Ann DeAngelo, contend that the District Court erred when it found that the defendant, Anesthesia Associates of Lancaster, Ltd. ("AAL"), had less than 15 employees, and was therefore not covered by Title VII of the Civil Rights Act of 1964.[2] We deferred decision on this appeal pending the Supreme Court's decision in *Clackamas Gastroenterology Assocs., P.C. v. Wells*, —— U.S. ——, 123 S.Ct. 1673, 155 L.Ed.2d 615 (2003), which was handed down on April 22, 2003, and which clarified the analysis courts should use to determine whether a shareholder in a professional corporation is an "employee" or an "employer." Because the District Court's

findings in this case establish that AAL's shareholders were employers and not employees under the test articulated in *Clackamas*, and because AAL, therefore, had less than 15 employees, we will affirm.

Plaintiffs are anesthesiologists. Defendant, AAL, is a professional corporation which provides anesthesia services and which consists of 19 shareholder-employees, all of whom are anesthesiologists, and 13 non-shareholder-employees, consisting of both doctors and other staff. Plaintiffs were staff physicians who aspired to be shareholders. Plaintiff DeAngelo resigned and plaintiff Ziegler was fired, they claim because of sex discrimination and retaliation. They sued AAL alleging violations of Title VII, the Equal Pay Act, the Pennsylvania Human Relations Act and Pennsylvania common law.

On December 29, 2000, AAL filed a motion to dismiss in which it argued that the District Court did not have jurisdiction because Title VII only applies to employers with 15 or more employees. *See* 42 U.S.C. § 2000e(b). The District Court denied the motion without prejudice and permitted limited discovery on the issue of the number of employees AAL had during the relevant time period. AAL thereafter filed a renewed motion to dismiss and/or for summary judgment which the District Court granted, holding that it lacked jurisdiction.[3] The basis of the Court's holding

---

* Judge Scirica succeeded to the position of Chief Judge on May 4, 2003.

1. This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review where the District Court has dismissed for lack of subject matter jurisdiction. *Gould Electronics Inc. v. U.S.*, 220 F.3d 169, 176 (3d Cir.2000).

2. Plaintiffs also argue that because Dr. Robert Falk discarded his notes recording which shareholders he contacted regarding Ziegler's

termination, they are entitled to the inference that all of the shareholders were not equal, thereby rendering the lower-level shareholders employees under Title VII. The District Court did not err in rejecting this argument as there is no evidence that Dr. Falk discarded the notes with the intent to defraud.

3. The Court noted that the result would be the same if the fifteen-employee requirement were viewed as an essential element of the claim and defendant's motion were treated as one for summary judgment.

was its conclusion that AAL's shareholder-employees were employers for purposes of Title VII, and that AAL, therefore, lacked the requisite fifteen employees.[4] The parties agree that unless the shareholder-employees are found to be employees, AAL would have less than the requisite 15 employees.

Title VII defines an employer as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C.2000e(b). An employee is "an individual employed by an employer." 42 U.S.C.2000e(f). In *Clackamas*, the Supreme Court reiterated its conclusion that this definition is "'completely circular and explains nothing.'" *Clackamas*, 123 S.Ct. at 1678 (*quoting Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 322, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992)).

Prior to the Supreme Court's decision in *Clackamas*, the circuit courts of appeals were split on the best way to approach the question of whether shareholders in a professional corporation were or could be employees for purposes of the anti-discrimination statutes. The Eighth Circuit focused on the extent to which the shareholders control and manage the corporation, as well as the extent to which they own it. *See Devine v. Stone, Leyton & Gershman, P.C.*, 100 F.3d 78, 81 (8th Cir. 1996). The *Devine* Court held that one factor which goes towards the degree of control and management is the ability to participate in setting corporate policy; factors going towards ownership include contributions of capital, liability for debts, and compensation based on profits. *Id.*

This approach enabled the *Devine* Court to look beyond the fact that the shareholders in that case were technically employees of the defendant professional corporation. Two other courts of appeals have also held that shareholder-employees—like partners in a partnership—may under certain circumstances be considered employers and not employees. *See Fountain v. Metcalf, Zima & Co.*, 925 F.2d 1398, 1400–1401 (11th Cir.1991); *E.E.O.C. v. Dowd & Dowd, Ltd.*, 736 F.2d 1177, 1178 (7th Cir.1984).

The Second and Ninth Circuits, on the other hand, have held that a shareholder-employee of a professional corporation is *per se* an "employee" for purposes of the anti-discrimination statutes, because he or she is not a "partner." *See Wells v. Clackamas Gastroenterology Assocs., P.C.*, 271 F.3d 903, 905 (9th Cir.2001)(*rev'd* —— U.S. ——, 123 S.Ct. 1673, 155 L.Ed.2d 615 (2003))(shareholders of a corporation were employees because (1) they were not partners, (2) they actively participated in the management and operation of their medical practice, and (3) they signed employment agreements); *Hyland v. New Haven Radiology Assocs., P.C.*, 794 F.2d 793, 798 (2d Cir.1986)(shareholder-employees are employees for purposes of the statute because they are not partners).

At issue in *Clackamas* was whether four physicians actively engaged in medical practice as shareholders and directors of a professional corporation were employees under the Americans with Disabilities Act, which employs the same definition of employee as Title VII and similarly limits its applicability to employers with more than 15 employees. After acknowledging that there was no such thing as a "professional

---

4. "[A] single individual in a single occupational setting cannot be both an employer and an employee for purposes of Title VII." *Sera-*

*pion v. Martinez*, 119 F.3d 982, 985 (1st Cir.1997)(citing cases).

corporation" at common law, the Supreme Court concluded that "the common law's definition of the master-servant relationship does provide helpful guidance."[5] *Clackamas*, 123 S.Ct. at 1679. The Court determined that "the common-law element of control is the principal guidepost that should be followed[.]" *Id.*

The Supreme Court held that each of the following six factors, drawn from the Equal Employment Opportunity Commission Compliance Manual, is relevant:

"Whether the organization can hire or fire the individual or set the rules and regulations of the individual's work"

"Whether and, if so, to what extent the organization supervises the individual's work"

"Whether the individual reports to someone higher in the organization"

"Whether and, if so, to what extent the individual is able to influence the organization"

"Whether the parties intended that the individual be an employee, as expressed in written agreements or contracts"

"Whether the individual shares in the profits, losses, and liabilities of the organization."

*Id.* at 1680 (*quoting* 2 Equal Employment Opportunity Commission, compliance Manual § 605:0009 (2000)). The Court then offered the following summary definition: "[A]n employer is the person, or group of persons, who owns and manages the enterprise. The employer can hire and fire employees, can assign tasks to employees and supervise their performance, and can decide how the profits and losses of the

business are to be distributed." *Id.* The Court made clear that the six-factor list is not exhaustive and that courts should take into consideration all incidents of the employment relationship. Moreover, no one factor, such as the individual's title or the terms of any written contract, is decisive.

In determining that AAL's shareholder-employees were not employees for purposes of Title VII, the District Court "considered all factors relevant to the pertinent relationship and the 'economic reality' of the firm's existence and operation." The Court found the following factors to be relevant and, on balance, to weigh in favor of a finding that the shareholders were employers and not employees:

"Defendant's shareholders share ownership and are accorded equal voting rights in virtually all matters including hiring, termination, offers of partnership and contracting with outside parties ... Each shareholder makes a capital contribution. The compensation of shareholders is not tied to their performance and indeed no shareholder is evaluated or supervised by anyone. Each shareholder but one receives compensation based on defendant's profits[6] ... Defendant's shareholders are limited to licensed anesthesiologists ... Defendant's shareholders are liable for their acts of professional negligence and for those of persons acting under their supervision ... The shareholders executed 'employment agreements' but were referred to as 'partners' amongst themselves, within the healthcare community and by office personnel including plaintiffs ... The

---

5. Courts on both sides of the circuit split had determined that the common law test for whether an individual is an employee was not helpful in the context of the anti-discrimination statutes, because the common law test arose in the context of cases dealing with respondeat superior liability and relates to the

distinction between an independent contractor and an employee.

6. Even if the one shareholder who received a fixed salary were considered an employee for that reason, AAL would still have had less than 15 employees.

'employment agreements' do not obviate the manner in which the shareholders actually functioned ... The shareholders also executed a shareholder agreement. There also are different forms of 'employment' agreements. Those executed by the shareholders contemplate 'substantially full time' engagement in the practice of anesthesiology and provide for compensation as determined by a board comprised of all shareholders. Those executed by others, including plaintiffs, specify a 45–hour work week and provide for a fixed specified annual salary."

*Ziegler v. Anesthesia Assocs. of Lancaster, Ltd.*, No. CIV.A. 00–4803, 2002 WL 387174, at *4–5 (E.D.Pa. Mar. 12, 2002). The District Court rejected the argument that the shareholders were employees for purposes of Title VII because taxes were withheld from their paychecks. *Id.* at *5.

The Supreme Court in *Clackamas* remanded the case, noting that while some of the District Court's findings, when considered in light of the standard the Supreme Court endorsed, appeared to weigh in favor of a conclusion that the four director-shareholder physicians in that case were not employees, there was other evidence in the record that would contradict those findings or support a contrary conclusion. *Clackamas*, 123 S.Ct. at 1681. No remand is necessary in this case. The District Court employed an analysis which closely tracks the analysis articulated by the Supreme Court in *Clackamas* and correctly concluded that the 19 shareholder-physicians in this case owned and managed AAL and were, therefore, employers and not employees for purposes of Title VII.

The District Court's order of March 12, 2002 will be affirmed.