# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2133

_____

Harry Howard,                                          *
                                                       *
                   Appellant,                          *
                                                       *   Appeal from the United States
         v.                                            *   District Court for the
                                                       *   Eastern District of Missouri.
Hunter First Presbyterian Church;                      *
Rev. John Goodwin; Pastor Ed Cowan;                    *   [UNPUBLISHED]
The Session Worship Committee,                         *
                                                       *
                   Appellees.                          *

_____

Submitted: April 14, 2010
Filed: April 23, 2010

_____

Before MELLOY, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

In this Title VII employment discrimination action, Harry Howard appeals from the order of the District Court[1] dismissing his complaint for lack of subject-matter jurisdiction. Upon careful de novo review, see Hastings v. Wilson, 516 F.3d 1055, 1058 (8th Cir. 2008) (standard of review), we find no reversible error, see 42 U.S.C.

_____

[1]The Honorable Lewis M. Blanton, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

§ 2000e(b) (defining "employer" as a person "who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year"); <u>Daggitt v. United Food & Commercial Workers Int'l Union, Local 304A</u>, 245 F.3d 981, 986 (8th Cir. 2001) (treating Title VII's fifteen-employee requirement as a jurisdictional prerequisite); <u>Devine v. Stone, Leyton & Gershman, P.C.</u>, 100 F.3d 78, 82 (8th Cir. 1996) (noting that a plaintiff has the burden to prove federal jurisdiction), <u>cert. denied</u>, 520 U.S. 1211 (1997); <u>Osborn v. United States</u>, 918 F.2d 724, 729 n.6, 730 (8th Cir. 1990) (explaining that in a factual attack on subject-matter jurisdiction, the court considers matters outside the pleadings and the plaintiff's allegations carry no presumption of truthfulness).

      Accordingly, we affirm.

_____